*77 OPINION.
Aeundell:
There have been a number of cases decided involving the question of whether an instrument created one or several trust estates. See Johnson v. United States, 65 Ct. Cls. 285; Lynchburg Trust & Savings Bank v. Commissioner, 68 Fed. (2d) 356; Commissioner v. U. S. Trust Co. of New York, 75 Fed. (2d) 993; Commissioner v. McIlvaine, 78 Fed. (2d) 789. The decisions lay down no comprehensive rule decisive of future cases. In William B. McIlvaine et al., Trustees, 29 B. T. A. 304, we said: “In the final analysis cases of this sort must stand or fall on the basis of their own peculiar facts.”
It is a fundamental rule that in construing wills the intention of the testator shall govern, and the intention is to be sought in the first instance in the words of the will itself. There were two makers of the will before us, each having an undivided interest in community projierty. Ajiparently they felt it would be to the interest of the survivor and the beneficiaries that the death of one should not bring about a physical segregation of the property but that it should remain under a unified management for a period of years before being divided. It does not necessarily follow, however, that the entire property was required to be administered as one trust. Cf. Lynchburg Trust & Savings Bank v. Commissioner, supra. We must search the will to see what intent was expressed therein on this matter.
On examination of the will we find throughout it provisions which could only be carried out if the interests of the two makers were administered as separate trusts. For instance, in paragraph IV, under certain circumstances the numerous cash bequests “ shall be deducted from Henry Henke’s portion of our joint property.” Under paragraph V, the premiums on the Trust Co.’s bond when it became Henry Henke’s executor and trustee were “to be paid out of his estate ”; if the Trust Co. became Catherine Henke’s executor and trustee the bond premiums were “ to be paid out of her estate.” Under paragraph XII, if Henry Henke was the survivor and remarried “then the portion of the said joint property belonging to the Estate of Mrs. Catherine Henke ” was to be distributed to others. These provisions indicate that the makers of the will intended the property to be handled as two trusts. This was also the under *78 standing of the Trust Co., for after the period of administration it carried the property as constituting two trusts and so reported the income. We are of the opinion that the respondent erred in combining the income reported in the two fiduciary returns and treating it as the income of one trust.
If the words of the will itself be considered ambiguous and leave any doubt as to the intention of the makers of the will, there is clarifying oral evidence in the record. The decedent’s personal secretary testified that he discussed with both Mr. and Mrs. Henke the provisions to be included in the joint will; that they wanted the will drawn so as to have the property administered in two' trusts in order to get the benefit of lower income taxes, and Mrs. Henke particularly wanted her share administered so that in the event of Mr. Henke’s remarriage her share would go to her daughter. The secretary conveyed the wishes of the Henkes to the attorney who drafted the will, and was assured by the attorney that the will as drafted and executed by the Henkes created two estates or trusts.
Under the second issue petitioner claims the right to deduct the payments made to Catherine Henke and Leona Bethea. If the payments made to these beneficiaries were required to be paid from income and could only be paid therefrom they were income to the beneficiaries, Irwin v. Gavit, 268 U. S. 161, and deductible by the fiduciary under section 162(b) of the Revenue Act of 1928; if they are annuities payable at all events and not dependent upon trust income, they are not income to the beneficiaries, Burnet v. Whitehouse, 283 U. S. 148, and not deductible by the' trustee. Helvering v. Pardee, 290 U. S. 365. We have set out at length in the findings the provisions of the will under which the payments were made to Catherine Henke and Leona Bethea. They are, in brief, that the payments were to be made from net revenue of the trust property, but if such revenue was insufficient, then the principal of the property was to be used for that purpose. The fact that payments were actually made from income is not decisive of the question. In Burnet v. Whitehouse, supra, it was said: “It would be an anomaly to tax the receipts for one year and exempt them for another simply because the executors paid the first from income received and the second out of the corpus.” The question here was directly decided in Boston Safe Deposit & Trust Co. v. Commissioner, 66 Fed. (2d) 179, affirming 26 B. T. A. 486, where payments to beneficiaries were to be made “ from the income and so much of the principal of the trust fund as may be needed.” The court held the trustee not entitled to deduct the payments to beneficiaries under this provision, saying:
It is perfectly clear from the provisions of the will that the testator made the specific annuities and expenses a charge upon the entire trust fund and not *79 alone upon the income thereof. He made the payment of the annuities certain, especially to his daughter, as long as there was anything left of the corpus of the trust.
Following the case last quoted, we bold that the respondent properly disallowed the deductions claimed for payments to Catherine Henke and Leona Bethea. Deduction for similar payments to others, while urged in the petition to be allowable, are waived in petitioner’s reply brief.

Decision will be entered under Bule SO.