JOHN K. HOWARD, JOHN GASTON, ROGER AMORY, WILLIAM H. CLAFLIN, JR., TRUSTEES UNDER THE WILL OF WILLIAM A. GASTON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 52163, 62309.   Promulgated March 6, 1936.

*Edward C. Thayer, Esq.,* and *Earle W. Carr, Esq.,* for the petitioners.

*John D. Kiley, Esq.,* for the respondent.

#### OPINION.

STERNHAGEN : The respondent determined a deficiency in the income taxes of the petitioner trust of $2,082.92 for 1928 and $4,100.37 for 1929 by disallowing a deduction taken by the trustees for each year of the net income of the trust which was distributed by them to the beneficiary. The facts are stipulated and need only to be briefly stated for the purpose of the decision.

William A. Gaston, the decedent, died July 17, 1927, and the petitioners are the trustees under his will. The trust received income (omitting immaterial adjustments) of $29,984 in 1928 and $51,246.13 in 1929, and these amounts it distributed to the surviving widow by virtue of article 21 of the will. This article, condensed to its essentials, is as follows:

All the residue of my property * * * I give, * * * to my trustees * * * in trust * * * to pay the income quarterly or oftener to my wife, May L. Gaston, for life, * * *. The trustees may also, in case in their discretion they deem it proper and advisable, pay to my wife from time to time any portions of the principal of the trust property in case they believe her income to be insufficient for her own reasonable individual personal needs.

* * * * * * *

58

In their fiduciary return the trustees acting, as they thought, under Revenue Act of 1928, section 162 (b),[1] took as a deduction the amount of the distribution to the life beneficiary, which consisted of the entire income.

The Commissioner contends that the estate is entitled to no such deduction and cites *Helvering* v. *Pardee*, 290 U. S. 365, and *Hartford-Connecticut Trust Co.* v. *Eaton*, 8 Fed. Supp. 218. This is upon the theory that the trustees' discretion to pay to the wife a part of the principal if believed necessary to supply her individual needs operates to make her entire right to distribution a charge against the principal, and thus no more to be ascribed to income alone than a fixed annuity would be. This, however, ignores the twofold character of the beneficiary's interest. As to the income of the trust the trustees have no discretion whatever; they are bound to distribute all. The net income is "to be distributed currently by the fiduciary to the beneficiary", which is literally within the statute. Nothing else in the will affects this clear right of the life beneficiary. It is not described in terms of a fixed amount and has none of the characteristics of an annuity, cf. *Burnet* v. *Whitehouse*, 283 U. S. 148, but gives the widow the rights and obligations of an income beneficiary of the trust, *Irwin* v. *Gavit*, 268 U. S. 161, and not of a legatee, cf. *Boston Safe Deposit & Trust Co.* v. *Commissioner*, 66 Fed. (2d) 179; *Bridgeport-City Trust Co., Trustee*, 32 B. T. A. 1181 (on review C. C. A., 2d Cir.); *Houston Land & Trust Co., Trustee*, 33 B. T. A. 73; *Old Colony Trust Co., Trustee*, 33 B. T. A. 311. The provision for the discretionary distribution to the widow from corpus is separate and supplemental. The trustees may not, in their discretion, choose to satisfy the widow's rights by distributions from principal. There is no room for doubt as to whether a distribution is from income or principal. To the extent that there is income, the duty is to distribute it to her; and if no more than the amount of income is distributed, the distribution is necessarily charged to income. In the present case, that is precisely what occurred, the distribution being of all the income and no more. It is, therefore, not a matter for present

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

decision as to how the trustees' taxes may be affected by a discretionary distribution out of principal.

The Commissioner states his contention thus, "that it is only when the trustees are permitted to distribute *nothing but income* that the distribution is to be treated as income and therefore deductible under the *Butterworth* case, and that as soon as the trustees have a discretion to do something else, that colors every distribution that is made with the character of something besides income and thus brings it within the *Pardee* case." This we are unable to sustain in a case such as this where the trustee is under two separate duties, one of which is to distribute income and the other to exercise his discretion as to the distribution of corpus. We need say nothing about such a contention if the trustees were under a single duty to make a distribution which, for one reason or another, is not necessarily to be identified with trust income. Here the distribution is, by virtue of the trust itself, necessarily identified with income, and we see no reason to say that the further power of the trustee serves to change or becloud the character of the distribution so as to attract the doctrine of the *Pardee* case.

*Judgment will be entered for the petitioners.*