# Johnston's Estate.

*Will—Annuity—Charge on land—Proceedings to charge—Deficiency of annuity—Lease—Waiver — Estoppel — Act of June 7, 1917, P. L. 447.*

1. In the absence of an express restriction, or its equivalent, the corpus of an estate given, subject to an annuity, may be taken for its payment when the income proves insufficient. This rule

is not affected by testator's belief that the income would be ample
to pay the annuity.

2. Where testator gives to his wife an annuity for life and di-
rects that "the same shall be a lien upon any real estate of which
I may die seized," and after giving the remainder of the income
of his estate to certain persons for life, further directs that the
corpus of his estate shall be divided among his grandchildren
"subject to all the limitations, previous gifts, and bequests hereto-
fore set forth," the widow, on a deficiency of income from the
annuity, is entitled to proceed under the Act of February 24, 1834,
P. L. 84 (incorporated under Section 25 of the Fiduciaries Act of
June 7, 1917, P. L. 447) to have her annuity charged upon the
land.

3. In such a case the fact that the widow had joined with the
other parties in interest in a lease of the principal portion of the
real estate for a term of years at a large rental, will not consti-
tute a waiver of her right to have her annuity charged on such
land, although it might estop her from contesting the lease.

Argued Jan. 24, 1919.   Appeal, No. 159, Oct. T., 1918,
by Stewart Johnston, from decree of O. C. Allegheny
Co., Jan. T., 1917, No. 243, charging annuity on land In
re Estate of Wm. G. Johnston.   Before BROWN, C. J.,
STEWART, MOSCHZISKER, WALLING and SIMPSON, JJ.   Af-
firmed.

Petition to pay annuity.   Before MILLER, J.

The court entered the following decree:

And now, to wit, August 3, 1918, this matter came on
to be heard upon exceptions to the opinion and decree of
the trial judge, and after consideration thereof and argu-
ment by counsel, said exceptions are dismissed, and it is
now ordered and decreed as follows:

That there is due at this time from Stewart Johnston,
Trustee, under the will of William G. Johnston, de-
ceased, to Julia G. E. Johnston, the petitioner on account
of the annuity of $6,000 given her by article II of the
will of said William G. Johnston, deceased, the following
sums: ...... [aggregating $6,500 with interest].

That said sums with interest aforesaid are a charge on
the real estate of the decedent in the hands of said

trustee; said real estate being situate at the corner of Penn avenue and Ninth street, in the City of Pittsburgh, Allegheny County, Pennsylvania, and designated as Nos. 900, 902, 904, 906 Penn avenue.

It is further ordered and decreed that Stewart Johnston, trustee aforesaid, pay the amounts above set forth within thirty (30) days from the date of this decree and that in default of such payment such proceedings for the collection thereof may be instituted as is provided by law.

Stewart Johnson, the trustee, appealed.

*Error assigned* was the decree of the court.

*W. W. Stoner,* with him *M. W. Stoner,* for appellant.— If the testator evidently did not contemplate a deficiency of income, an intention to provide for such contingency will not be read into the will: Sheppard v. Sheppard, 32 Beavens 197; Sell's Est., 4 W. N. C. 14.

If there is anything to show that the corpus is looked upon as entire after the annuitant's death, it is not liable to make good arrears: Einbecker v. Einbecker, 162 Ill. 267; Homer v. Landis, 95 Md. 328.

*Robert A. Applegate,* with him *Rose & Eichenauer,* for appellee.—The income from the estate not being sufficient to pay in full the annuity charged, the arrearages can be collected or secured from the corpus: Dickerman v. Eddinger, 168 Pa. 240; Cooper's Est., 147 Pa. 322; Pierrepont v. Edwards, 25 N. Y. 128.

OPINION BY MR. JUSTICE WALLING, March 3, 1919:

This appeal is from the decree of the orphans' court ordering the payment of a testamentary annuity and declaring it a charge upon real estate.

In 1913, the testator, William G. Johnston, died at his home in Watertown, New York, survived by a widow, Julia G. E. Johnston, the petitioner, to whom he was

married in 1899, and by five children, the issue of a former marriage, and by four grandchildren. His real estate consisted of a valuable property at Penn avenue and Ninth street, Pittsburgh, and his home in Watertown. By an ante-nuptial agreement he provided for his wife a life annuity of $6,000 secured on the Penn avenue property; and by his last will she is given the life use of the home in Watertown and $600 a year for its up-keep. The will also provides: "I do hereby, furthermore, give and bequeath to her [the wife] the sum of Six Thousand Dollars ($6,000.00) being in addition to the Six Hundred dollars referred to in the first paragraph of article 2, annually, during her life......and the same shall be a lien upon any real estate of which I may die seized and be accepted by her in lieu of any dower or any other purpose whatsoever"; and, after giving certain money legacies to employees, further provides: "I give and bequeath the total income arising from any real and personal estate excepting so much as is disposed of in the preceding article, as follows, viz: to each of my children and grandchildren below named, for and during his or her natural life, the one-ninth of said income, viz: [naming them]......Subject to all the limitations, provisions, gifts and bequeaths heretofore set forth in the preceding articles of this instrument, I hereby give, devise and bequeath all my real and personal property wheresoever situated to my following grandchildren, their heirs and assigns forever, to wit: [naming them]......I direct that on the death of each one of my children, one-fifth of my estate shall be immediately conveyed to my grandchildren herein mentioned, share and share alike......It is my intention in the foregoing at the death of my last surviving child that my estate shall have all been conveyed to my grandchildren."

The will appoints executors and trustees (one of whom is Stewart Johnston, the appellant), who are given the full and exclusive management of the estate with the right to sell real and personal property, but says, "No

sale, however, shall be made of my property in the City
of Watertown, aforesaid, or of that on the corner of Penn
Avenue and Ninth Street in the City of Pittsburgh afore-
said, until after the decease of my wife, Julia G. E.
Johnston."

The personal property, after deducting specific lega-
cies and all expenses and liabilities including a claim of
$41,212.41 allowed his first wife's estate, is $63,050.16.
The Penn avenue property became vacant in 1915, and,
owing to its dilapidated condition, remained tenantless
until the fall of 1916 when it was rented to Spear &
Company for a term of years at a large rental, which at
first goes to reimburse the tenants for extensive and
permanent improvements.    Until 1916 the trustee paid
the widow the testamentary annuities in full from the
income, which since that time has proven insufficient, re-
sulting in default followed by this proceeding whereby
the widow seeks to recover the unpaid balance of such
annuities from the corpus of the estate.    The trustee
brought this appeal from the decree of the orphans' court
granting her the relief prayed for.

As the annuities are expressly charged upon the real
estate, the question of an implied charge is not involved,
nor is the question of the annuity in the ante-nuptial
agreement.    The proceeding taken in this case is within
the Act of February 24, 1834, P. L. 84 (incorporated in
Section 25 of Fiduciaries Act of June 7, 1917, P. L. 447),
which provides, "When a legacy is or shall be hereafter
charged upon, or payable out of real estate, it shall be
lawful for the legatee to apply, by bill or petition, to the
orphans' court having jurisdiction of the accounts of
the executor of the will by which such legacy was be-
queathed; whereupon such court......may proceed, ac-
cording to equity, to make such decree or order touching
the payment of the legacy, out of such real estate, as may
be requisite and just." The widow was the principal object
of testator's bounty and while he doubtless thought the
income from the estate would prove ample to pay her an-

nuities he makes no such limitation. The fact that the gift over to the grandchildren is expressly made subject to all prior provisions, gifts and bequests, which include the widow's annuities, tends to negative any intent on part of testator to limit her to the income; as does the fact that the annuities are expressly charged upon all the real estate. It would be vain to make such charge and then deny the legatee the remedy to make it available. Should the buildings on the very valuable Penn avenue property be destroyed, the petitioner might be deprived of her annuities, notwithstanding the immense value of the vacant land, unless she could compel its sale. The annuities are not limited to the income nor to any particular fund and the intent of the testator undoubtedly was that they should be paid, and the final gift of all of his estate to the grandchildren, is as it expressly states, subject to all prior bequests. The will as a whole does not justify the finding of an intent that the corpus of the estate must remain intact for the grandchildren without regard to the annuities; that would be a postponement of the primary object to the secondary. In the absence of an express restriction, or its equivalent, the corpus of an estate given subject to an annuity may be taken for its payment when the income proves insufficient for that purpose: see 3 Corpus Juris, p. 212; Smith v. Fellows, 131 Mass. 20. This rule is not affected by testator's belief that the income would be ample to pay the annuity: Pierrepont v. Edwards, 25 N. Y. 128.

The trustee executed the lease to Spear & Company, and at their request secured the written approval of the beneficiaries, including petitioner; that would prevent them from contesting the lease and require that a sale of the property be subject thereto, as probably would have been the case in any event. Beyond that Mrs. Johnston waived no rights by such approval. This is especially true as it was given under the written assurance of the trustee that, "Mrs. Johnston waives absolutely nothing by signing, except her future right to kick on terms and

conditions of lease, which in no way refers to her other rights." The question of estoppel does not seem to require extended discussion.

The suggestion of appellee that the temporary deficiency be paid from the principal of the personal estate is worthy of consideration, doubtless it might by consent of the parties in interest; whether it could without such consent was not raised by any assignment of error nor discussed by appellant and we do not pass upon it. In our opinion the decree of the orphans' court, declaring the annuities a charge upon the Penn avenue property and authorizing proceedings for their collection in case of default, was properly made.

The assignments of error are overruled and the decree is affirmed at the costs of the estate.