HELVERING, COMMISSIONER OF INTERNAL REVENUE, v. BUTTERWORTH ET AL., TRUSTEES.*

No. 75. Argued November 13, 1933.—Decided December 11, 1933.

---

* Together with No. 76, *Helvering, Commissioner,* v. *Fidelity-Philadelphia Trust Co., Trustee,* and No. 77, *Helvering, Commis-*

366

*Mr. Erwin N. Griswold,* with whom *Solicitor General Biggs* and *Messrs. Sewall Key* and *Wm. Cutler Thompson* were on the brief, for petitioner.

*Mr. John Hampton Barnes,* with whom *Mr. Charles Myers* was on the brief, for Butterworth et al., Trustees, respondents in No. 75.

sioner, v. *Pardee et al., Trustees,* certiorari to the Circuit Court of Appeals for the Third Circuit; and No. 78, *Helvering, Commissioner,* v. *Title Guarantee Loan & Trust Co., Trustee,* certiorari to the Circuit Court of Appeals for the Fifth Circuit.

*Mr. Robert T. McCracken,* with whom *Mr. Ulric J. Mengert* was on the brief, for Fidelity-Philadelphia Trust Co., Trustee, respondent in No. 76.

*Mr. Ralph B. Evans* submitted for Pardee et al., Trustees, respondents in No. 77.

*Mr. H. C. Kilpatrick,* with whom *Messrs. Oscar W. Underwood, Jr.,* and *E. J. Smyer* were on the brief, for Title Guarantee Loan & Trust Co., Trustee, respondent in No. 78.

By leave of Court, *Messrs. Burton E. Eames* and *R. Gaynor Wellings* filed a brief as *amici curiae.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

These causes demand construction and application of the provisions of § 219, Rev. Act of 1924, c. 234, 43 Stat. 253, 275 (U.S.C., Title 26, § 960) copied in the margin,*

---

* Revenue Act of 1924, c. 234, 43 Stat. 253, 275:

Sec. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including— . . .

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct; . . .

(b) Except as otherwise provided in subdivisions (g) and (h), the tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that— . . .

(2) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries

which lay a tax upon " the income of estates or of any kind of property held in trust," and direct that, (b) (2), " There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, . . . but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. . . ." Also, the identical provisions of the Revenue Act of 1926, c. 27, 44 Stat. 9, 32, 33; and the substantially similar ones of the Revenue Act of 1928, c. 852, 45 Stat. 791, 838, §§ 161 and 162.

In each cause the Commissioner of Internal Revenue assessed the portion of the income from the trust created by the husband's will which had been paid to the widow. The trustees claimed credit therefor. The Board of Tax Appeals approved the assessments. The Circuit Courts of Appeals held otherwise.

Causes Nos. 75, 76 and 78 involve the same point of law. The undisputed facts are similar and it will suffice to state those of No. 75. The record in No. 77 presents another question and the facts there will be set out.

### No. 75

William B. Butterworth, resident of Pennsylvania, died October 5, 1921. After certain bequests, his will gave the residue of the estate to respondents as trustees, with directions to pay the net income to the widow. She accepted under the will and surrendered the rights granted her by the state laws. During 1924 and 1925 the trustees paid her the income from the trust. The aggregate of these and antecedent payments was less than the estimated

whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under paragraph (3) in the same or any succeeding taxable year.

value of her statutory rights in the estate. In order to ascertain the taxable income of the trust, the respondents claimed the right to deduct from the gross amount payments made to the widow. The Commissioner denied this and the Board of Tax Appeals approved his action. The court below reversed the judgment.

Prior to *Warner* v. *Walsh*, 15 F. (2d) 367, *United States* v. *Bolster*, 26 F. (2d) 760, and *Allen* v. *Brandeis*, 29 F. (2d) 363, the Commissioner ruled that distributions from the income of a trust estate to the widow who elected to take under her husband's will in lieu of her statutory interest were taxable to her. These cases held that by relinquishment of her rights, she came to occupy the position of the purchaser of an annuity. They decided that payments to her were not subject to taxation until her total receipts from the trust estate amounted to the value of what she relinquished—her alleged capital. Thereafter, in similar cases, the Commissioner refused to give credit to the trustee for such payments and thus the present causes arose.

We cannot accept the reasoning advanced to support the three cases just cited. The evident general purpose of the statute was to tax in some way the whole income of all trust estates. If nothing was payable to beneficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to a beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted.

Is a widow who accepts the provisions of her husband's will and receives part or all of the income from an established trust in lieu of her statutory rights a beneficiary within the ambit of the statute? We think she is. It is unnecessary to discuss her rights or position under other circumstances. We are dealing with a tax statute and seeking to determine the will of Congress.

370

When she makes her election the widow decides to accept the benefits of the will with the accompanying rights and liabilities. In no proper sense does she purchase an annuity. For reasons satisfactory to herself, she expresses a desire to occupy the position of a beneficiary and we think she should be so treated.

The trustees in Nos. 75, 76 and 78 were entitled to the credits claimed and the judgments of the courts below therein must be affirmed.

*Affirmed.*

## No. 77

Calvin Pardee, a resident of Pennsylvania, died March 18, 1923. His will provided—" I also give unto my said wife an annuity of Fifty thousand Dollars ($50,000.), to be computed from the date of my decease and to be paid in advance in quarterly payments." The total amount paid by the trustees to the widow under the will during the tax years 1924 and 1925 and prior thereto did not aggregate the value of the interest to which she would have been entitled had she declined to take under the will. When computing the taxable income of the estate the trustees deducted the amounts paid to the widow, claiming credit therefor under § 219. The Commissioner's refusal to allow this was sustained by the Board of Tax Appeals. The court below ruled otherwise.

The annuity provided by the will for Mrs. Pardee was payable at all events. It did not depend upon income from the trust estate. She elected to accept this in lieu of her statutory rights. She chose to assume the position of an ordinary legatee. Section 213 (b) (3), Revenue Act of 1924, c. 234, 43 Stat. 253, 267, 268, exempts bequests from the income tax there laid. Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income;

but in discharge of a gift or legacy. The principle applied in *Burnet* v. *Whitehouse*, 283 U.S. 148 is applicable.

The Commissioner rightly refused to allow the credits claimed by the trustee and the judgment of the court below must be reversed.

*Reversed.*

MR. CHIEF JUSTICE HUGHES, dissenting.

I agree with the opinion of the Court in Nos. 75, 76 and 78. I am unable to agree with the opinion in No. 77. In that case, the testator created a trust for the benefit of his wife, children, and grandchildren. The income of the trust, by its express terms, was to be paid to his wife to the extent of $50,000 a year. While the payment of this annual amount was also charged on the principal of the estate, resort could not be had to the principal if the income of the trust was sufficient. *Johnston's Estate*, 264 Pa. 71, 76; 107 Atl. 335. The widow was in every sense of the word a beneficiary of the trust, and the amounts paid to her out of the income of the trust were paid to her as a beneficiary. These amounts were thus deductible by the trustees, under the express provision of § 219 (b) (2) of the Revenue Act of 1924, from the gross income of the trust. As to this, I think it makes no difference whether or not the widow was taxable on the amount of the income she received. The decision of the Circuit Court of Appeals should be affirmed.