**BUSH et al. v. COMMISSIONER OF IN-
TERNAL REVENUE.
No. 8238.**

Circuit Court of Appeals, Ninth Circuit.
April 19, 1937.

M. K. Wild, of Fresno, Cal., for petitioners.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, E. W. Pavenstedt, and Francis I. Howley, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

GARRECHT, Circuit Judge.

The petition on file in this court is for the review of a decision of the United States Board of Tax Appeals, entered January 31, 1936, under Docket No. 7783, and unreported. The Board determined that a deficiency existed in the income tax return of the petitioners, as trustees, for the year 1932, in the sum of $7,874.57.

According to the stipulated statement of evidence, the facts in the case are as follows:

Clarence J. Berry, a resident of San Francisco, Cal., died on October 23, 1930, leaving a last will and testament, which was duly admitted to probate. Attached to the will was a consent to the making thereof, executed by Ethel D. Berry, the wife of the decedent, containing an agreement by her to waive her community interest in the property in exchange for the provisions of the will.

Mr. Berry's estate was appraised by the United States government for estate tax purposes, at $2,839,863.47, and consisted chiefly of community property. All of the assets of the estate, except property appraised at less than $50,000, were distributed under the terms of the will, to the petitioners herein and to J. C. Berry, as trustees, by decree of the superior court in the City and County of San Francisco, dated September 29, 1931.

During the year 1932, the trustees received income available for distribution under the trust in the amount of $61,748.34, after the payment of all costs and the payment of fixed monthly sums provided in the will. Out of such income the trustees paid Mrs. Berry the sum of $50,000, as beneficiary under the will, according to a provision that will be hereafter discussed. In

their return for income taxes of the trust for the calendar year 1932, the trustees claimed the $50,000 as a deduction under the Revenue Act of 1932 (47 Stat. 169). Mrs. Berry did not report in her personal income tax return for the year 1932 any part of that amount.

By far the greater portion of Mr. Berry's will is taken up with the establishment of a trust for the benefit of relatives and friends. After directing that his just debts be paid and making other provisions not here pertinent, the testator continues:

"I hereby give, devise and bequeath all of the rest and residue of my property of whatever kind or description and wheresoever situate to A. Duane Bush, Othmar B. Berry, and James Berry, in trust, however, for the following uses and purposes: * * *

"This trust is created with the express understanding that my trustees shall from the income of my estate, if sufficient, and if not sufficient, then from the estate itself, pay to my wife, Ethel D. Berry, the sum of Fifty Thousand ($50,000.00) Dollars per year, as long as she may live, such payment, if possible, to be made at the times, in the manner and in amounts as may be demanded by my said wife.

"After the payment of the said sum of money to wife, then my trustees shall on the first day of each month, pay to my mother, Ann M. Berry," etc.

"After the payment of all legitimate expenses incurred by my trustees hereunder, as well as the payment of all advances made to them, if any, for the benefit of this trust and after the payment, in accordance herewith of the amounts hereinabove designated to each of the individuals specified, then my trustees shall deposit in the regular and ordinary course of business, in some bank or banks satisfactory to them, or a majority of them, all of the rest, residue and remainder of my income," etc.

The right of the trustees to deduct the $50,000 paid to Mrs. Berry in making their return for 1932, as aforesaid, is denied by the respondent. From the decision of the Board of Tax Appeals sustaining the respondent's determination of deficiency, this petition for review has been filed by a majority of the trustees.

The question thus presented is whether the amount of $50,000 distributed by the trustees in 1932, out of trust income for that year, to Mrs. Berry, constitutes an allowable deduction from the gross income of the trust estate in the taxable year.

The applicable provisions of the Revenue Act of 1932 are as follows:

"§ 22. *Gross income* * * *

"(b) *Exclusions from gross income.* The following items shall not be included in gross income and shall be exempt from taxation under this title [chapter]: * * *

"(3) *Gifts, bequests, and devises.* The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." (26 U.S.C.A. § 22 (b) (3) and note.)

"§ 161. *Imposition of tax*

"(a) *Application of tax.* The taxes imposed by this title [chapter] upon individuals shall apply to the income of estates or of any kind of property held in trust, including: * * *

"(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct." (26 U.S.C.A. § 161 (a) (2) and note.)

"§ 162. *Net income*

"The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—* * *

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year." (26 U.S. C.A. § 162 (b) and note.)

From the foregoing provisions, it will be seen that, if the payment of $50,000 to Mrs. Berry was to be made by the petitioners currently from income only, that sum would be deductible in computing the net income of the estate or trust.

The petitioners contend: " * * * A testator may provide for the payment of all

598

the income of a trust created by him under his will up to $50,000.00 to a named beneficiary, and that once he has done so, no additional provisions whereby the corpus of his estate is charged with the payment of the difference between the amount of the income actually so distributed to the beneficiary and a named sum, [have] any effect whatsoever on the express direction of the testator to distribute income currently to the said beneficiary."

The position of the Board of Tax Appeals, however, sustaining the view of the respondent, was that Mrs. Berry "became the legatee of an annuity of $50,000, payable, at all events, as a charge upon the whole trust estate, regardless of whether that estate had income or not," and that therefore such a payment was not deductible.

In the first place, it is well settled that revenue provisions such as those which we have set out above have for their purpose to tax in some way the whole income of all trust estates, unless a part of such income is definitely exempted. Such trust income is taxable in the hands of the fiduciary or, in proper cases, in the hands of the beneficiary. The government is not to be deprived of its revenue by a mere transfer from fiduciary to cestui que trust. If the payment to the beneficiary is made currently from income, then such payment is deductible in computing the net income of the trust estate, and is assessable as part of the taxable income of the beneficiary.

Such is the intention of the Revenue Act of 1932 and such has been the interpretation of the Supreme Court when considering similar statutes. In Freuler v. Helvering, 291 U.S. 35, 41, 54 S.Ct. 308, 310, 78 L.Ed. 634, the court said:

"Plainly the section contemplates the taxation of the entire net income of the trust. Plainly, also, the fiduciary, in computing net income, is authorized to make whatever appropriate deductions other taxpayers are allowed by law. The net income ascertained by this operation, and that only, is the taxable income. This the fiduciary may be required to accumulate, or, on the other hand, he may be under a duty currently to distribute it. If the latter, then the scheme of the act is to treat the amount so distributable, not as the trust's income, but as the beneficiary's."

See, also, Helvering v. Butterworth, 290 U.S. 365, 369, 54 S.Ct. 221, 222, 78 L.

Ed. 365; Helvering v. Falk, 291 U.S. 183, 188, 54 S.Ct. 353, 354, 78 L.Ed. 719.

The question to be here decided, however, is whether or not the payment to Mrs. Berry authorized by the will was to be made currently from income, and was therefore deductible in computing the net income of the trust estate; or whether, on the other hand, it was the bequest of an outright annuity, payable preferably from the income of the trust estate, but nevertheless payable, if necessary, from the corpus, and therefore not deductible in computing the net income of the trust.

It is beyond question that the amount paid out as an annuity is not deductible in the computation of net income. In Helvering v. Pardee, 290 U.S. 365, 370, 54 S.Ct. 221, 223, 78 L.Ed. 365, the court said:

"The annuity provided by the will for Mrs. Pardee was payable at all events. It did not depend upon income from the trust estate. She elected to accept this in lieu of her statutory rights. She chose to assume the position of an ordinary legatee. Section 213 (b) (3), Revenue Act of 1924, c. 234, 43 Stat. 253, 267, 268, * * * exempts bequests from the income tax there laid. Payments to Mrs. Pardee by the fiduciary were not necessarily made from income. The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary. Payments to her were not distribution of income; but in discharge of a gift or legacy. The principle applied in Burnet v. Whitehouse, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534, is applicable."

The foregoing language is apposite to the instant case. Here, as in the Pardee Case, "the annuity provided by the will * * * was payable at all events." True, it was to be paid from income if such income was "sufficient"; but if the income was not sufficient, "then from the estate itself." It follows, therefore, that the annuity "did not depend upon income from the trust estate," and that payments to Mrs. Berry "by the fiduciary were not necessarily made from income." "The charge was upon the estate as a whole; her claim was payable without regard to income received by the fiduciary," save that, if such income was "sufficient," Mrs. Berry should be paid out of such income first. Paid she was to be, however, "at all events."

The petitioners insist that the Board erred in holding that the testamentary "gift" to Mrs. Berry "resulted in an unqualified annuity." It is urged that such holding is wrong for the reason that the "gift was to be paid by the petitioners currently out of the income arising from that fund with recourse to the capital thereof only in the event of a deficiency of income." The petitioners therefore seek to distinguish the present suit from the Pardee Case by pointing out that in the latter, the direction in the will was as follows:

"I also give unto my said wife an annuity of Fifty Thousand Dollars ($50,000), to be computed from the date of my decease and to be paid in advance in quarterly payments."

It is argued that in the instant case the testator has expressly directed the payment of money out of income, if sufficient, and has designated the corpus as a source of such payment only if there should be a deficiency after the income has been exhausted.

The petitioners, however, have lost sight of the fact that, in law, even in the absence of an express stipulation, an annuity is payable primarily from income. In the case of In re Johnston's Estate, 264 Pa. 71, 107 A. 335, 336, the court said:

"In the absence of an express restriction, or its equivalent, the corpus of an estate given subject to an annuity may be taken for its payment when the income proves insufficient for that purpose. See 3 Corpus Juris, p. 212; Smith v. Fellows, 131 Mass. 20."

Therefore when Mr. Berry stated in his will that payment to his widow was to be made "from the income of my estate, if sufficient, and if not sufficient, then from the estate itself," he was in reality setting out the legal definition of the word "annuity," which word, without such legal definition, was used in the Pardee will.

Accordingly, the Pardee Case and the instant case are indistinguishable.

In Boston Safe Deposit & Trust Co. v. Commissioner of Int. Rev. (C.C.A.1) 66 F.(2d) 179, 180, 183, certiorari denied Boston Safe Deposit & Trust Co. v. Helvering, 290 U.S. 700, 54 S.Ct. 227, 78 L. Ed. 602, the testator bequeathed the residue of his estate to trustees, using the following language:

"* * * and from the income and so much of the principal of the trust fund as may be needed or required from time to time [,] * * *

"(c) to pay annuities, or total net sums in every year, to the persons and in the instalments next below named, or stated, giving to each person named so long as he or she may live, save as hereinafter qualified, respectively, a total annual amount as follows, to wit:

"To my daughter Constance Perley Wilder, Five thousand dollars, payable in monthly instalments," etc.

With such a bequest before it, the court used the following language:

"It is perfectly clear from the provisions of the will that the testator made the specific annuities and expenses a charge upon the entire trust fund, and not alone on the income thereof. He made the payment of the annuities certain, especially to his daughters, as long as there was anything left of the corpus of the trust. No distribution to the charitable or educational institutions named, notwithstanding the Board's decision in 20 B.T.A. 1159, could be made unless there was a sufficient amount left to provide for all the annuities, and especially those to his daughters.

"The case differs from Irwin v. Gavit, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897, in which the annuities or bequests were payable out of income, and if no income, there could be no payment to the beneficiary named.

"The petitioners, therefore, were not entitled either under section 219 (b), (1), (2), or (3) [of the Revenue Act of 1926, 44 Stat. 32], to the deductions claimed, viz., the sum of $35,082.82 in 1926, and $33,-862.88 in 1927, as distributions to the annuitants in those years, since such fixed annuities are in the nature of bequests and not taxable income to the annuitants."

See, also, Bridgeport-City Trust Co. v. Commissioner, 32 B.T.A. 1181, 1185, 1186, affirmed (C.C.A.2) 84 F.(2d) 991; Houston Land & Trust Co. v. Commissioner, 33 B.T.A. 73, 78, 79.

The petitioners also insist that "the mere fact that the corpus becomes chargeable with the deficiency does not change the amounts paid over from income to anything other than income currently distributable."

Answering this identical argument—which was there made, however, by the

Commissioner—the Supreme Court, in Burnet v. Whitehouse, 283 U.S. 148, 151, 51 S.Ct. 374, 376, 75 L.Ed. 916, 73 A.L.R. 1534, said:

"It would be an anomaly to tax the receipts for one year and exempt them for another simply because executors paid the first from income received and the second out of the corpus. The will directed payment without reference to the existence or absence of income."

While it is true that in the instant case there was indeed a "reference to the existence or absence of income," it is plain that such reference was not intended to limit the bequest to income alone. On the contrary, the testator emphatically provided that Mrs. Berry was to receive her annuity at all events.

Finally, the petitioners complain that if they "are required to pay the income tax upon the $50,000.00 currently distributed to Mrs. Berry, such taxes must necessarily be paid out of the capital of the trust estate, or the income remaining after the payment of said $50,000.00, which, by the provisions of this will, actually belongs to and is owned by those beneficiaries designated by the testator in paragraphs nine and ten of Item Fourth of his will." Such a result, the petitioners argue, "is not only shocking, but is unconstitutional," and cite Hoeper v. Tax Commission, 284 U.S. 206, 215, 52 S.Ct. 120, 122, 76 L.Ed. 248.

The Hoeper Case is clearly not in point. It is authority only for the proposition that, "because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment," and "that which is not in fact the taxpayer's income cannot be made such by calling it income."

In the instant case, the subordinate beneficiaries mentioned in Mr. Berry's will are entitled to nothing until the annuity granted to his widow and all other specific charges against the estate have been paid. The tax upon the income of the trust estate is a charge that must be satisfied before there is any income to which the subordinate beneficiaries are entitled. If the trust estate is not entitled to a deduction for the sum paid to Mrs. Berry, then the tax must be paid before it can be determined what income belongs to the subordinate beneficiaries. Hence the tax is not paid out of income belonging to such beneficiaries, but out of the income of the trust estate.

The decision of the Board of Tax Appeals is affirmed.