## BISHOP TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8431.

Circuit Court of Appeals, Ninth Circuit.
Nov. 11, 1937.

Smith, Wild, Beebe & Cades, of Honolulu, T. H., for petitioners.

James W. Morris, Asst. U. S. Atty. Gen., and Sewall Key, Norman D. Keller, and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for respondent.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

This is a petition to review the United States Board of Tax Appeals Decision, upholding the Commissioner's determination of a deficiency in the income tax return made by the petitioners for the trust estate, for the year 1932, in the sum of $712.51.

The stipulated facts show that Maude G. Young, resident of Hawaii, died testate in 1926, leaving two surviving children, the beneficiaries of the trust herein involved. After certain bequests, she willed the residue of her estate to petitioners, as trustees, directing certain payments to said children "each and every month in advance on the first day of the month, beginning as of the date of my death and making the first payment as soon as possible after my death." The specific source (income or corpus) of such monthly payments was not designated. Upon the beneficiaries attaining a specified age, the trust was to terminate and "all the principal and accumulated income" was to be distributed to the two children in equal

shares. Provisions for various contingencies, not pertinent here, are not detailed. The trustees were further empowered "to pay to my daughter or son or to use and apply for her or his benefit prior to the distribution of the principal, portions of the income or accumulated income derived from the trust estate in addition to the amounts hereinabove set forth if and whenever in their discretion such additional income shall be needed. * * *"

Petitioners distributed $12,000 of the 1932 trust income to the beneficiaries. The only issue here presented is whether or not this sum constituted an allowable deduction from the gross income of the trust for such year under the Revenue Act of 1932, § 162 (b) (26 U.S.C.A. § 162 (b) and note).

The Supreme Court has held that, if such payments are to be made to the beneficiaries in any event and are not conditioned upon the existence of sufficient trust income, they are not deductible in computing the taxable net income of the trust estate. Helvering v. Pardee (1933) 290 U. S. 365, 370, 54 S.Ct. 221, 78 L.Ed. 365.

The fact that payments were in fact made out of income is immaterial. Bush et al. v. Commissioner of Internal Revenue (C.C.A.9 1937) 89 F.(2d) 596.

However, if payments to beneficiaries are to be made from income only, such sum constitutes an allowable deduction. Helvering v. Butterworth (1933) 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365.

In the absence of express directions, annuities may be paid from principal where the income is insufficient. In re Hardy's Estate (1916) 86 N.J.Eq. 405, 99 A. 326, L.R.A.1917E, 578; Liberty Title & Trust Co. et al. v. Stevens et al. (1934) 115 N.J. Eq. 506, 171 A. 531, 535, affirmed (1935) 117 N.J.Eq. 404, 176 A. 167; In re Johnston's Estate (1919) 264 Pa. 71, 107 A. 335; Moody Bible Institute of Chicago v. Pettibone et al. (1937) 289 Ill.App. 69, 6 N.E. (2d) 676; Theobold on Law of Wills, p. 637; Thompson on Construction of Wills (1928), p. 561.

In determining whether or not the monthly payments were to be made regardless of available income, the intention of the testatrix, as expressed in her will, is controlling. Such intent must be "deduced from a consideration of the whole instrument." Colton v. Colton (1888) 127 U.S. 300, 8 S.Ct. 1164, 1168, 32 L.Ed. 138.

The monthly payments were unqualifiedly made payable "each and every month." Such mandatory language is not effaced by reference in the residual clause to "all the principal" nor by the direction for discretionary payments of "additional income." Such scattered phrases are insufficient to sustain petitioners' contention that the monthly payments were conditioned upon the existence of income. They merely manifest the testatrix' belief that the income of the trust would be ample for such monthly payments. Such belief is immaterial. In re Johnston's Estate (1919) 264 Pa. 71, 107 A. 335. It is her expressed intention which governs. The fact that the beneficiaries were the natural objects of the testatrix's bounty is significant in determining her intent as to the source of payment. Moody Bible Institute of Chicago v. Pettibone et al., supra; Matter of Stewart's Estate (1931) 142 Misc. 670, 255 N.Y.S. 389, 390. Considering the will as a whole, it is clear that the testatrix' prime purpose was to assure the adequate support and maintenance of her children until they attained the age of thirty-five, at which time they were to receive the residue of her estate. It is unlikely that she intended such purpose to be obviated in the event that the trust produced insufficient income to meet the monthly payments. Provision was made against alienation and hypothecation. Additional payments in time of need were authorized. Such spendthrift trust provisions, together with the lack of specification of the source of the unconditional monthly payments, compel the conclusion that it was the testatrix's intention that the monthly payments should be made regardless of available income.

Decision affirmed.