SALLIE COSBY WRIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88943. Promulgated October 7, 1938.

*O. H. Tufts, C. P. A.,* and *F. G. Davidson, Jr., Esq.,* for the petitioner.

*John H. Pigg, Esq.,* for the respondent.

OPINION.

OPPER: The question on which the parties are at issue is whether that part of petitioner's income which is the subject of the deficiency was an annuity or the income from a trust fund. The facts are peculiar. Petitioner, who had a qualified life interest in the trust left by decedent so long as she should occupy decedent's homestead as her own home and had the right at any time to terminate the trust prior to her death, entered into an agreement with the remaindermen, the President and Fellows of Harvard College, to terminate the trust forthwith in consideration of the latter's agreement to pay her during her lifetime two-thirds of the net income from the property so obtained. Respondent contends that the relationship thus created was in the nature of a trust and that the income received by petitioner as the beneficiary thereof is taxable to her under the trust provisions of the Revenue Acts of 1932 and 1934.[1] Petitioner takes the position that she purchased an annuity and that there is no deficiency, since she included in her income tax returns such amounts as the annuity provisions of the respective revenue acts required.[2] Petitioner's position is further, as stated in her brief, that "we maintain as an alternative proposition that if the 'memorandum of agreement', dated April 30, 1932, did not constitute the purchase of an annuity

---

[1] Secs. 161 (a) (2) and 162 (b).
[2] Sec. 22 (b) (2), Revenues Acts of 1932 and 1934.

by the petitioner, then it created a trust for the benefit of the petitioner to the extent of two-thirds of the income therefrom."

The precedent most nearly in point seems to be *Annie Louise Van Aken*, 35 B. T. A. 151. In that proceeding the widow of decedent released to the owners of the remaining interest her dower right in decedent's real property, in consideration of their agreement to pay her certain sums during her lifetime. We held that the widow was taxable as the beneficiary of a trust upon the payments received by her under the agreement. In *Robert Hoe Estate Co.*, 32 B. T. A. 903, the facts were somewhat similar. There we held that such payments were not properly deductible by the owners of the property in determining their net income but were capital items representing expenditures incurred in the acquisition of capital assets. At first glance the cases are not readily distinguishable, but the *Van Aken* case, *supra*, rests upon the doctrine that "a trust exists where the legal title is in one person and the equitable or beneficial interest in another." (P. 159.) In characterizing the relationship created by the agreement between the widow and the owners of the property we said there, "all of these provisions * * * strongly support respondent's contention that, under the agreement, petitioner transferred only the legal title to the trustee, reserving the beneficial interest in the property or right to receive the income for life." (P. 158.) The *Hoe* case is reconciled by reference to the language of the court which affirmed it on appeal, that there " 'the promise was not to pay her one-third of the profits in kind, to say nothing of giving her any right in the land itself; it was general and created a general obligation' ", as distinguished from the *Van Aken* case where "the widow did not exchange her dower interest for the promise of the testamentary trustee to pay 'an amount equal to' one-half of the net operating income; she transferred the legal title on condition that the trustee should account for and pay over to her each month one-half of the net operating income derived from the dower lands." (P. 160.) A reading of the entire opinion makes it clear that it was not any special form of words and particularly any such narrow distinction as that between the profits themselves and an amount equal to the profits which was regarded as justifying the *Van Aken* decision, but rather an examination of the agreement as a whole and the conclusion that in the *Van Aken* case the relationship was essentially fiduciary. Indeed, the opinion itself states that "it has been said many times that no particular form of words is required to create a trust." (P. 159.)

In the *Hoe* case, *supra*, the question arose as to the income of the grantee, and the transaction is discussed from the standpoint of what it received, namely, an interest in real property which the widow had

formerly owned for her life. Thus, the opinion states: "The annual payments to the widow were in fulfillment of the contractual obligation assumed by the petitioner and we consider them to be a part of the purchase price which the petitioner paid for the property which it acquired." (P. 908.) Here, we think it impossible to say that the petitioner in any sense transferred property or an interest therein. Once petitioner terminated the trust any interest in the property obtained by the remaindermen was the result of the provisions of the will. The consideration to petitioner thus approximates payment for a service rendered, in the form of an agreement of the remaindermen to hold the property in trust for petitioner's benefit.

But be that as it may, we regard the *Van Aken* case as deciding that in such a case as this the relationship between the parties is to be viewed as a whole; and since there that relationship appeared to be essentially of a fiduciary nature, income received by the beneficiary was taxable to her. Our analysis of the arrangement here leads us to the same conclusion. We do not base this result on any single provision, but some of the terms of the agreement which we consider significant may be briefly mentioned. The remaindermen agree that they will "during the lifetime of" the petitioner "hold the principal as the 'William J. and Georgianna B. Wright Fund' provided for in the said will, but invested separately." They agree that they "will pay to the" petitioner "for and during her life a sum equivalent to two-thirds of the net income arising from the fund so held." They undertake that "the principal shall be kept invested by" them. They reserve the privilege of investment "without obligation to observe the usual requirements for fiduciary investments." They agree that if the real estate is sold the net proceeds of any such sale "shall be a part of the principal of said funds." They provide for "making the * * * charges and expenses customarily charged to income", and they agree that they will furnish "a quarterly statement of income account, and annually will render" to the petitioner "a statement of capital account and investments of the fund." Such provisions, and the agreement as a whole, lead to our conclusion that petitioner was in effect the beneficiary of a trust, and taxable as such.

Petitioner cites the case of *Continental Illinois Bank & Trust Co.* v. *Blair* (1930), 45 Fed. (2d) 345. As we view that decision, it is inconsistent with our determination in this proceeding. But we regard it as having in effect been overruled by the Supreme Court's decision in *Helvering* v. *Butterworth* (1933), 290 U. S. 365, for the cases on which it is based [3] were expressly disapproved in the *Butterworth* opinion. *Michael Fay et al., Executors,* 34 B. T. A. 662.

---

[3] *Warner* v. *Walsh* (1926), 15 Fed. (2d) 367; *United States* v. *Bolster* (1928), 26 Fed. (2d) 760; *Allen* v. *Brandeis* (1928), 29 Fed. (2d) 363.

Since respondent now concedes that petitioner, being taxable as the beneficiary of a trust, is consequently entitled to deduction for dividends received by the trustee and included in the income paid to her,[4] no issue remains on this question. With that exception respondent's determination is sustained.

*Decision will be entered under Rule 50.*

---

[4] Revenue Acts of 1932 and 1934, secs. 25 (a) (1) and 163 (b).