*172 OPINION.
Okpee :
The first issue is as to the number of trusts created by decedent’s will. It is, of course, fundamental, as both parties agree, that this question is to be determined in accordance with the testator’s intention. They differ as to the tests by which that intention may *173 be discovered. The problem is elusive, for save in the tax realm it may frequently prove immaterial how many “trusts” exist. But the point must be decided, and it seems to us that our investigation should be directed not to the use of individual words on the one hand, nor to isolated provisions of the will on the other; but that the test is whether, in the effectuation of the testator’s plan and, observing the instrument as a whole, it is more reasonable to treat the interests of the beneficiaries as separate and divisible or as one and indivisible.
Applying this principle we conclude that the purpose of the testator was to segregate the interests of the individual grandchildren so that the rights in the property held for them and proportionately distributed to them, both as to principal and income, should be treated in severalty. Perhaps no single provision of the instrument would suffice for this conclusion. Without reciting its provisions in detail it seems clear from the entire will and particularly those portions summarized in our findings of fact that it would do violence to the testator’s intention to assume that a separate interest was not granted to each grandchild.
If that result follows in the case of the trusts for the benefit of the grandchildren the implication is even stronger with respect to the trust created by section 9 of the trust instrument, for there it is specifically provided that this “specific trust shall be separately held, administered, invested” and reinvested.
There are but two indications that might be said to lead to the conclusion that a single trust was intended. As to both, however, it is by now definitely settled that such provisions are not inconsistent with the creation of separate trusts. Neither the requirement that the property be held as one fund, United States Trust Co. of New York v. Commissioner, 296 U. S. 481; Helvering v. MoIlvaine, 296 U. S. 488, nor the provision for cross-remainders, Leonard Marx, 39 B. T. A. 537, requires us to find that there is but a single trust. We conclude that the effect of decedent’s will was to create a trust for each of the three grandchildren and an additional trust for the purposes described in section 9 of the will.
The second issue brings into question the character of the payments to be made to decedent’s daughter under section 9 of the will. The controversy is whether these constituted an annuity payable at all events, Helvering v. Pardee, 290 U. S. 365, or were income currently distributable to the beneficiary for which petitioners are entitled to a deduction. Helvering v. Butterworth, 290 U. S. 365. While in this respect the will is not so clear as might be desired, the directions of the testator appear to us to indicate that payments were to be made to the daughter only out of income. In the third paragraph of section 9 the testator provides that a fund shall be set apart *174 sufficient to “sustain out of the net income thereof” “the continuance of the aforesaid” incomes, to which he refers in the next three sub-paragraphs, and the first of which is the daughter’s annual payment earlier required, by section 8, to be paid during administration. It will be noted that this provision by itself directs only the creation of the fund and fails to provide for the annual payments to the daughter except possibly by inference. We should expect to find a further express authorization to the trustees to make these payments; and that in fact appears in a later paragraph (the ninth) of the same section. At that point the testator enjoins: “Said specific trust shall be separately held, administered, invested, re-invested and the net income thereof applied by my Trustees for the continuance of said incomes during the periods hereinbefore defined; * * In the case of the daughter that period is for the remainder of her life. Thus the language authorizing the trustees to make payments to the daughter is specifically limited to “the net income.” And that is the only provision of the will which expressly confers any authority whatever to use the fund or its proceeds for the daughter’s benefit. We conclude that the trustees were limited in executing that part of the trust by the scope of the provision last quoted and that they are not required, Georgie W. Rathborne, 37 B. T. A. 936, nor in fact permitted, to make the annual payments to the testator’s daughter except out of income and unless the income of the fund set apart is sufficient to sustain any payments made. On this point respondent’s determination must be reversed.
Another issue arises by reason of the claim of the trustees that they are entitled to deduct as ordinary and necessary business expenses the cost of maintenance and upkeep of the testator’s summer place called “Beggs Isle”, the use and occupancy of which was devised to testator’s daughter during her life and after her death to her husband and children. The expenses were so paid pursuant to express provisions of the will which required that the trustees establish a fund the income of which would be sufficient for that purpose.
All of the cases cited by petitioners in support of their contention are readily distinguishable on their facts, with a single exception which requires more extended treatment. In William W. Mead et al., Executors, 6 B. T. A. 752; George W. Seligmam, 10 B. T. A. 840; Florence Grandin, 16 B. T. A. 515; and Robert J. Kleberg et al., Executors, 31 B. T. A. 95, there was no question as to the character of the activities engaged in by the trustees or executors. Their extent and effect was the point at issue and it is clear from those cases as well as others that a trustee, as such, may be engaged in a trade or business by the operation or preservation of a large estate for income producing purposes.
*175 We consider Margaret B. Sparrow et al., Trustees, 18 B. T. A. 1, inapplicable because the contention advanced here by respondent was apparently neither made nor considered in the Sparrow proceeding; and the decision went off on the ground that the privilege granted to the beneficiary to occupy the residence was not a life estate and that the expenditures by the trustees were consequently not to be considered as made for or chargeable to the beneficiary. In the present proceeding there appears to be serious doubt whether testator’s daughter did not receive under the will an interest in the real property which was tantamount to an estate for life. Her rights were given by “devise” and the property was described at length by metes and bounds with a particularity which would be suitable in the case of a conveyance. She was given not only the “occupancy” but the “use” of the property and it may well be that this language was broad enough to vest in her all of the attributes of a life tenant. Furthermore, the devise to the trustees is only of the “remainder, residue and increase” of the decedent’s estate after the devise to the daughter in a preceding paragraph.
However that may be, the respondent now urges that the maintenance of a residence for the use of a beneficiary is not a trade or business within the meaning of section 23 (a) of the Eevenue Act of 1934, and it seems to us that this contention must be sustained.
Petitioners cite with approval the definition of the term “business” contained in Flint v. Stone Tracy Co., 220 U. S. 107, 171, as follows:
“ ‘That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit ’. Bouvier’s Law Dictionary, Vol. I, p. 273.” [Emphasis added.]
There is of course no reason to doubt the accuracy of the definition, but it seems to us that petitioners overlook the force of the italicized language. For here the activity of the trustees in maintaining the “Beggs Isle” property could in no event be for the purpose of a livelihood or profit. Gertrude D. Walker, 20 B. T. A. 937; Chaloner v. Helvering, 69 Fed. (2d) 571. It is true that the expenditures in question were enjoined upon the trustees by the instrument to which they were subject in administering the trust. And it is also true that the petitioners in their individual and corporate capacities may have been engaged in the trade or business of acting as trustees. But just as, according to petitioners’ contention, the trust and the beneficiary must each be considered in its respective taxpaying capacity, so it seems to us the trustees as individuals and the trust must be considered in severalty. It is the trust and not the trustees which is the taxable entity;[1] and it is the trust which must be engaged in a trade or business, just as an individual, if the deduction is to be permitted. *176 George Vanderbilt Trust et al., Trustees, 36 B. T. A. 967, 970. It having been made clear, as we think, that the trust under no circumstances could be said to have entered into these transactions for the purpose or even with the possibility of obtaining a gain or profit, we conclude that the trust was not thereby engaged in a trade or business and that accordingly the expenses thereof are not deductible.
The contention made on behalf of the petitioners that the expenditures involved were ordinarily and necessarily incurred for the preservation of the property we believe to be equally without force. The property was being retained and for all that appears will continue to be retained until an indefinite time in the future, not for purposes of lease or sale nor for any other purpose connected with a pecuniary benefit of the trust. Under these circumstances we find nothing in the facts which would justify the conclusion that any of the expenses of maintenance and operation are necessary or ordinary as applied to any business transaction. See Gertrude D. Walker, supra.
In one respect, however, respondent does not appear to contest the assertion advanced by petitioners. That is that taxes paid by them which are deductible under the express language of section 23 (c) and regardless of the existence of any trade or business should be allowed. To that extent the respondent’s original determination on this issue is overruled, provided the parties can agree on the proper amount on recomputation.
Thei final issue does not appear to be urged with great force by petitioners. It relates to the contention that the trust estate is entitled to deduct as income currently distributable an amount which by the will is to be credited to the grandchildren “as interest” upon undistributed accumulations of income. Without setting forth the provisions of the will upon which this procedure was based, which are summarized in our findings of fact, it is sufficient to point out that the will merely provides for a method of apportioning to the grandchildren sums which will presumably compensate them respectively and equitably for any unequal distribution of current estate income. It is apparently a pure bookkeeping item without relation to income actually received by the estate and as far as the record shows it does not represent estate income. For this reason it seems to us the provisions of section 162 of the revenue act are completely inapplicable, since that section refers only to “the net income of the estate or trust” and provides only for a deduction of such portions of that net income as shall be currently distributable. Since the amounts in question do not represent estate income in the first place, we find it unnecessary to decide whether or not they were currently distributable and the deductions must be disallowed.
*177 Respondent now concedes that petitioners are entitled to deduct a payment of prepaid fire insurance premiums and petitioners have apparently conceded a question raised as to the distributable character of certain accumulations and there appears to be no present dispute between the parties on these points.
Reviewed by the Board.

Decision will be entered rnder Rule 50.

Murdock dissents.
Leech dissents from the decision of the majority on the second issue.

 Secs. 142 (a), 161 (b), and 162, Revenue Act of 1934.