Norman J. Walton died in 1983. His last will and testament made no provisions for his widow, Martha Walton. Pursuant to § 43-8-90, Code 1975, Mrs. Walton filed an action seeking her statutory share of the estate as an omitted spouse. The estate *Page 644 
and Mrs. Walton reached an agreement which provided that she would receive certain properties and a lump-sum payment of $78,000 cash during the fiscal year ending January 31, 1985. The $78,000 was paid by the estate.
The estate filed an Alabama income tax return for the 1985 fiscal year and reported distributable net income of $59,528. The estate claimed a deduction of $59,528 based on the $78,000 distribution to Mrs. Walton.
The Alabama Department of Revenue conducted an audit of the estate's return and denied the deduction. The estate paid the resulting deficiency and filed an amended return seeking a refund of the tax. The department denied the refund. The estate filed an administrative appeal of the denial. The department again denied the refund. The estate appealed the denial to the Circuit Court of Mobile County for a trial de novo. Both parties filed motions for summary judgment. Following a hearing, the trial court granted the department's motion. The estate appeals.
Section 40-18-25(a), Code 1975, imposes a tax on the income of estates and trusts. Section 40-18-25(c) provides a deduction to the estate for "the amount of any income properly paid or credited to any legatee, heir, or beneficiary."
The estate asserts that in accordance with § 40-18-25(c), it is entitled to a $59,528 deduction. It reaches this conclusion based on an analogous rationalization between § 40-18-25(c) and26 U.S.C. § 661 (1954), the federal counterpart to § 40-18-25. The federal statute provides that any amount (income or corpus) paid by an estate to an heir or beneficiary during a year is deductible from income up to the amount of the estate's distributable income.
Section 661 was enacted in 1954. Prior to 1954, Revenue Act of 1932 § 162(b) (26 U.S.C.A. § 162(b)) controlled the deductibility of distributable income paid to an heir or beneficiary from an estate. Federal case law construing § 162(b) held that if a distribution was not conditioned upon receipt of sufficient income by the estate it was not deductible. In other words, if the beneficiary was to be paid in any event and the payment was not conditioned upon the existence of sufficient distributable income, the payment was not deductible in computing the taxable net income of the estate. Helvering v. Pardee, 290 U.S. 365, 54 S.Ct. 221,78 L.Ed. 365 (1933); Burnet v. Whitehouse, 283 U.S. 148,51 S.Ct. 374, 75 L.Ed. 916 (1931); Bishop Trust Co. v. Commissioner ofInternal Revenue, 92 F.2d 877 (9th Cir. 1937); Craig v. UnitedStates, 69 F. Supp. 229 (W.D.Pa. 1946), aff'd, 161 F.2d 1022
(3rd Cir. 1947).
The predecessor to § 40-18-25(c) was enacted in 1935 by Acts of Alabama 1935, No. 194, § 345.18. It was modeled after the then-analogous federal statute — Revenue Act of 1932, § 162(b). The Alabama legislature has not yet amended §40-18-25(c) to conform with the language of § 661. There is no Alabama case law construing § 40-18-25(c). It is generally the practice for Alabama tax statutes to, more or less, track similar federal tax statutes, but it is not a required practice. An amendment of a federal statute does not amend a similar state statute without action of the state legislature. Therefore, we find the pre-1954 federal statute and the case law interpreting it to be applicable here.
The distribution of the lump sum to Mrs. Walton was an absolute obligation owed to her by the estate. It was not dependent upon the receipt of sufficient income by the estate. Under § 40-18-25(c) the distribution to Mrs. Walton cannot be deducted by the estate.
The estate further asserts that the trial court erred in granting summary judgment because, it says, a genuine issue of material fact was in dispute. Specifically, the estate asserts that a factual dispute arose concerning the oral agreement that was made between the estate and Mrs. Walton wherein she agreed to pay the income tax due on the settlement agreement. In view of our finding above, we opine that such a dispute bears no relevance to the disposition of this case by way of summary judgment. If indeed there were such an agreement, *Page 645 
the state would not be bound by it. The state was entitled to a judgment as a matter of law. This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.