JAMES L. KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
CLARA I. KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.
JOHN S. KNIGHT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 91357, 91358, 91359. Promulgated February 14, 1939.

*Ralph S. Fowler, Esq.*, for the petitioners.
*S. B. Anderson, Esq.*, for the respondent.

438

OPINION.

Tyson: Petitioners contend that, while in form the 3,306 shares of Beacon stock owned by the decedent at the date of his death were transferred first to the heirs through distribution of decedent's estate, and thereafter by the heirs to the trustee, in substance the creation of the trust on February 12, 1935, was a valid substitute

for a long term administration of the decedent's estate and the trustee became a de facto administrator of the estate; that consequently the decedent's estate had not been settled and the income in question is taxable to the trustee under section 161 of the Revenue Act of 1934;[1] that the trust agreement gave the petitioners no present right in or to the corpus of the trust or the income derived therefrom until the entire indebtedness to Beacon had been fully liquidated; that sections 166 and 167 of the Revenue Act of 1934[2] are not applicable because the trust was irrevocable and the grantors derived no direct benefit from the income therefrom; and that there is no section of the 1934 Act which places upon the petitioners any tax liability for the income here in question.

The numerous cases cited in the petitioners' brief and the excerpts quoted therefrom do not sustain the petitioners' contentions. The respondent filed no brief and has cited no authorities.

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) COMPUTATIONS AND PAYMENT.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor). For return made by beneficiary, see section 142.

[2] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor.

SEC. 167. INCOME FOR BENEFIT OF GRANTOR.

(a) Where any part of the income of a trust—

(1) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

(3) is, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23(o), relating to the so-called "charitable contribution" deduction);

then such part of the income of the trust shall be included in computing the net income of the grantor.

(b) As used in this section, the term "in the discretion of the grantor" means "in the discretion of the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of the part of the income in question".

The facts in the case at bar clearly establish that to avoid a sale of the 3,306 shares of Beacon stock and to close the decedent's estate as quickly as possible, the heirs, in about June 1934, personally assumed the entire indebtedness as set out in the findings of fact to Beacon; that the administrator of the decedent's estate was discharged on July 11, 1934, after approval of his final accounting; that the assets of decedent's estate were distributed in kind; and that through such distribution and on August 21, 1934, new certificates were issued to each of the petitioners for one-third of the decedent's 3,306 shares of Beacon stock. In substance as well as in form, each petitioner thereupon became the individual owner of such shares, which were then pledged by him as collateral security for his personal legal liability to Beacon. If such individual ownership had continued throughout the taxable year 1935 without the creation of the trust here involved, there would be no grounds for a contention that the dividends on such stock did not constitute income realized by petitioners.

In our opinion, the petitioners' declaration of trust of February 12, 1935, made no substantive change in their right to the benefit of the income derived from the 3,306 shares of Beacon stock transferred by them, as the grantors of the trust, to the trustee to whom a new certificate for an identical number of like shares was issued on July 15, 1935. The trustee was directed in the declaration of trust to collect the dividends payable on such stock, to pay taxes and expenses, if any, and then "*as it may be mutually and unanimously agreed by and between said heirs,* (the grantors in the trust and the petitioners herein) to pay and/or apply any part or all of the balance remaining on the indebtedness of said heirs to The Beacon Journal Company until said indebtedness is fully paid and discharged", and thereafter, during the continuance of the trust, to pay the remaining balance in equal shares of one-third each to the petitioners or their legal representatives. (Italics supplied.) In *Helvering* v. *Blumenthal*, 296 U. S. 552, the Supreme Court, in reversing *per curiam*, 76 Fed. (2d) 507, held that the grantor of a trust was taxable upon the trust income used under the terms of the trust indenture to liquidate the grantor's indebtedness to a bank. That case was decided upon authority of *Douglas* v. *Willcuts*, 296 U. S. 1, and *Helvering* v. *Schweitzer*, 296 U. S. 551. In the *Willcuts* case the grantor of a trust was held taxable upon the trust income used to pay alimony to the grantor's divorced wife because such payment was in discharge of a legal obligation of the grantor and the trust income stood substantially on the same footing as though the grantor had received it personally and had been required by a decree to make the payment directly to his divorced wife.

In its opinion the Court said:

We do not regard the provisions of the statutes as to the taxation of trusts, fiduciaries and beneficiaries (Revenue Act 1926, §§ 2, 219, 26 USCA §§ 1696 and note, 161–167 note; Revenue Act 1928, §§ 161, 162, 26 USCA §§ 161, 162) as intended to apply to cases where the income of the trust would otherwise remain, by virtue of the nature and purpose of the trust, attributable to the creator of the trust and accordingly taxable to him. These provisions have appropriate reference to cases where the income of the trust is no longer to be regarded as that of the settlor, and we find no warrant for a construction which would preclude the laying of the tax against the one who through the discharge of his obligation enjoys the benefit of the income as though he had personally received it.

The decision in *Helvering* v. *Butterworth*, 290 U. S. 365, 54 S. Ct. 221, 222, 78 L. Ed. 365, is not opposed. There the trust was testamentary and the only question was with respect to the liability for the tax as between the trustee and the beneficiary. The Court observed that "the evident general purpose of the statute was to tax in some way the whole income of all trust estates." The decision has no application to a case where the income is still taxable to the grantor. Nor are the provisions of the statutes (Revenue Act 1926, § 219 (h), 26 USCA § 167 note; Revenue Act 1928, § 167, 26 USCA § 167 note) defining instances in which the grantor remains taxable, as in case of certain reservations for his benefit or provisions for the payment of premiums upon policies of insurance on his life, to be regarded as excluding instances not specified, where in contemplation of law the income remains in substance that of the grantor. No such exclusion is expressed and we see no ground for implying it.

The sections of the prior acts referred to in the above quotation correspond to sections 161, 166, and 167 of the Revenue Act of 1934, *supra*. Upon authority of the above cited cases, we hold that the trust income here in question used in discharging the legal obligations to Beacon of each of the petitioners, the grantors of such trust, is taxable to each of the petitioners to the same extent and as though they each had personally received such income during the taxable year. See also, *Helvering* v. *Schweitzer*, *supra*, reversing 75 Fed. (2d) 702; *Helvering* v. *Stokes*, 296 U. S. 551, reversing 79 Fed. (2d) 256; and *Helvering* v. *Coxey*, 297 U. S. 694, reversing 79 Fed. (2d) 661, involving the use of trust incomes to satisfy legal obligations of the grantors of the trusts.

The instant proceedings have been presented upon the respondent's theory that all of the net income of the trust in the amount of $38,100.52 should be included in the respective individual incomes of the petitioners in the proportion of one-third to each, and upon petitioners' theory that no part thereof should be so included. Consequently, upon the stipulation of facts and for the purposes of this opinion we must assume that all of the dividend income received by the trustee during 1935 (which is not clearly established in contradistinction to such dividends as may have been received by petitioners during that year as individuals) was used in partially liquidating the petitioners' legal obligation to the Beacon Journal Co.

However, if, to the contrary, only a portion of the dividend income received by the trustee was used in partial liquidation of the petitioners' obligation to Beacon, "as mutually and unanimously agreed to by and between said heirs", and the remaining balance of such income was distributed to the grantors or accumulated for future distribution to them, then, clearly, such income would be taxable to the petitioners within the express language of section 167 (a) (1) and (2), *supra*, since all such distributions or accumulations would have been made within the discretion of the grantors.

The determination of the respondent is approved.

*Decision will be entered for the respondent.*