WILLIAM J. GARLAND AND GRACE O. GARLAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93589, 95547. Promulgated June 28, 1940.

*Robert N. Miller, Esq.,* and *Melvin D. Wilson, Esq.,* for the petitioners.

*Byron M. Coon, Esq.,* for the respondent.

OPINION.

HILL: The question first presented for our decision is whether the petitioner is taxable on the income distributed to his divorced wife in the years 1934 and 1935 from the trust established on March 25, 1931. One of the contentions of respondent is that this income is taxable to the petitioner on the basis of *Douglas* v. *Willcuts*, 296 U. S. 1, and *Helvering* v. *Leonard*, 310 U. S. 80, in each of which cases the settlor of a trust, entered into in contemplation of divorce, was held taxable on the income used to discharge a continuing obligation to support a divorced spouse. We deem it unnecessary to pass on this contention of respondent since, in our view, the petitioner must be held taxable on such income on a totally different ground. He reserved to himself the right to borrow from the trust corpus, without security, amounts aggregating $100,000, or to borrow that amount from outside sources with security furnished by the trustee. These provisions, regardless of the express terms of the instrument by which the trust was made "irrevocable and unamendable", render the trust *pro tanto* revocable for taxation purposes.

The petitioner had the power, in effect, to revest himself with the corpus up to the amount specified and "to retain and use for his own personal use all moneys obtained therefrom." There is no requirement that loans made directly from the trust be repaid, although it is provided that, in the event of the trustor's default by virtue of which there is a sale of the trust corpus pledged as collateral, the right to borrow any additional amounts shall cease. In these circumstances the present case is controlled by the same principle under which we have held that the reservation of the right to purchase assets of the trust at a price named by the settlor renders the trust revocable under section 166 of the Revenue Act of 1934. *Percy M. Chandler*, 41 B. T. A. 165; *Charles T. Fisher*, 28 B. T. A. 1164; 34 B. T. A. 1215; affd., 108 Fed. (2d) 707; *Sarah A. W. Coursey*, 33 B. T. A. 1068. Cf. *Frederic H. Frazier*, 41 B. T. A. 146. The express provisions of the declaration of trust by which the trust is made irrevocable must give way before the realities of the situation.

This conclusion is strengthened by the provision reserving to the trustor the right "—without consent of the trustee—to receive all payments, dividends, surrender values and benefits accrued or which may accrue to the insured during his life, and may exercise all of the insured's rights, options, and privileges under such policy." The reservation of these rights is tantamount to a reservation of the

right to revest in the trustor that part of the corpus which consisted of insurance policies.

In face of the lack of evidence showing that the value of the corpus exceeds $100,000 and the value of the insurance policies over which petitioner reserved control, we must hold the petitioner taxable on the entire income of the trust. In view of this conclusion it becomes unnecessary to consider the additional contentions of the respondent that the reservation of rights in the insurance policies transferred, the provision for the payment of certain debts of the petitioner out of the corpus, and the application of a part of the income to the payment of insurance premiums make the trust so unsubstantial as to render the grantor taxable under *Helvering* v. *Clifford*, 309 U. S. 331, as though the trust income arose from petitioner's own independent business dealings.

The final issue—that of the taxability of the interest received by the trust on the California Improvement District bonds held by it—must be resolved in favor of the petitioner. In *District Bond Co.*, 39 B. T. A. 739, we had before us the question of the taxability of bonds issued, as those here, under the California Municipal Improvement District Act of April 20, 1915. It was held there that the interest paid on these bonds was tax exempt and we think that case is controlling here. See also *Morrison Bond Co., Ltd.*, 41 B. T. A. 669. Accordingly, we hold that the petitioner is not taxable on any amounts received by the trust as interest on the bonds in question.

Reviewed by the Board.

*Decision will be entered under Rule 50.*