ESTATE OF WILLIAM J. GARLAND, DECEASED, HARRY C. MABRY, EXECUTOR, AND GRACE O. GARLAND, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 93589, 95547. Promulgated February 27, 1941.

*Melvin D. Wilson, Esq.*, and *Joseph D. Peeler, Esq.*, for the petitioners.

*Byron M. Coon, Esq.*, for the respondent.

OPINION.

HILL: The ultimate question in this case is whether petitioners are taxable on all or any part of the income of the trust involved herein which was distributable to decedent's former wife, Alzoa Garland, during the years 1934 and 1935. The respondent seeks to tax such income to petitioners, first, on the ground that it was paid in discharge of decedent's continuing obligation to support his divorced wife. His argument sustaining this action is based on *Douglas* v. *Willcuts*, 296 U. S. 1, and *Helvering* v. *Leonard*, 310 U. S. 80, in each of which cases the settlor of a trust, entered into in contemplation of divorce, was held taxable on the income used to discharge a continuing obligation to support a divorced spouse. On this point, however, the present case is controlled by *Murray Brookman*, 41 B. T. A. 557, where in a substantially similar situation we held that, since remarriage of a divorced spouse in California closed out the obligation of the husband to continue to support his wife, trust income used for that purpose could not be taxed to him. This disposition of the first argument makes it unnecessary to consider the contention of the petitioners that the trust here involved was not established in contemplation of divorce.

As a second ground for taxing to petitioners the income in dispute respondent argues that the trust here falls within the principles laid down in *Helvering* v. *Clifford*, 309 U. S. 331, where it was held that the income arising from a trust corpus, the substantial control and benefits of which, other than income, the trustor had reserved to himself, was taxable to the trustor as though arising from his own property or enterprise. In the instant case, however, we find no such an illusory trust. The decedent-trustor did not designate himself a trustee nor reserve powers of management in the corpus. The trust corpus was transferred out of the settlor and the control given to others.

Decedent did, however, reserve rights to have specified portions of the corpus applied to his own use and benefit and on this basis we held in our former opinion that to the extent decedent retained the right to reach and apply to his own use the corpus of the trust it was revocable despite formal irrevocability. The trust income to that extent was thus held taxable to petitioners under section 166 of the Revenue Act of 1934.[2] Petitioners have now shown, however, that prior to the beginning of the taxable year, all these powers, save two, ceased to exist and that one of them, the right to borrow $100,000 from the trust corpus, was terminated on January 17, 1934. The other power, the right to have the loan or cash surrender value of the insurance policies held by the trust, could be exercised as to only a very limited part of the trust corpus, the extent of which the parties have stipulated.

We think that our holding must still be held applicable to the limited extent of the decedent's rights to reach the corpus of the trust. The statute is specific that where the settlor's power extends "to any part of the corpus of the trust * * * then the income of such part of the trust shall be included in computing the net income of the grantor." See *Sarah A. W. Coursey*, 33 B. T. A. 1068; *Charles T. Fisher*, 28 B. T. A. 1164; 34 B. T. A. 1215; affd., 108 Fed. (2d) 707.

To the extent of decedent's right to secure the surrender value of the insurance policies throughout the two taxable years and of his right to borrow $100,000 from the trust corpus during the first 17 days of 1934, petitioners must accordingly be held taxable on the income of the trust in question.

In addition to the reservations of right in the corpus already considered the decedent retained rights to have certain of his obligations paid out of the trust income. Thus his minor children were supported and his insurance premiums were paid out of trust income. The petitioners do not deny their taxability on these amounts. We think that the additional amounts paid by the trust as interest on decedent's insurance loans must also be placed in this category and taxed to petitioners. See *Helvering* v. *Blumenthal*, 296 U. S. 552; *Louis W. Hill*, 33 B. T. A. 891; affd., 88 Fed. (2d) 941; *James L. Knight*, 39 B. T. A. 436.

---

[2] SEC. 166. REVOCABLE TRUSTS.

Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

(2) in any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom,

then the income of such part of the trust shall be included in computing the net income of the grantor.

The parties have stipulated the sums to be taxed to petitioners in the event we reached the decision which we have indicated above. In accordance with the stipulation petitioners' income should be reduced below the amounts shown in the deficiency letter by the sum of $5,547.04 for the year 1934 and $3,263.60 for the year 1935.

*Decision will be entered under Rule 50.*