*640 opinion.
Mellott :
Petitioner concedes that he is not entitled to the deduction claimed in his return. The law is well settled that a deduction for estate, inheritance, legacy, or succession taxes may be allowed “only to the estate.” (Sec. 23 (c), Revenue Act of 1928) Gillette v. Commissioner, 76 Fed. (2d) 6, affirming 29 B. T. A. 561; Martz v. Commissioner, 82 Fed. (2d) 110. The sole issue submitted for our determination, as set out in the petition and argued upon brief, is whether or not the amount was properly included in petitioner’s gross income for the taxable year.
The applicable statute is section 162 of the Revenue Act of 1928, a portion of which is shown in the margin.[1]
*641 The gist of petitioner’s argument is that since the $23,710.48 came into the hands of petitioner’s guardian for the agreed and specific purpose in part to apply on the inheritance tax and in part to repay a loan applied on said tax as a method of paying said tax out of the income from said stock trust, none [of it] * * * came into said guardian’s hands as income to petitioner’s estate because all thereof went through the guardianship estate merely as an instrumentality for getting the tax paid out of the trust stock income”, the trust instrument (1927 trust) having provided that the trustees should pay all taxes levied or imposed upon the principal or income of the trust estate, including inheritance, succession, and estate taxes which might be levied against it.
In Albert W. Russel, 35 B. T. A. 602, we had before us the question whether or not the amount of the inheritance and succession taxes paid by the trustees of the 1927 trust was taxable to the beneficiaries as income received by them during the year in which the payment was made. We ruled that such amount was not income because of the fact that the trust instrument did not give the beneficiaries a present right to the portion of the income required for the payment of such taxes. But we have no such question here. The real estate trust did not require that the income from it be used to pay the inheritance and succession taxes and the payment in question was not made by the trust which acquired the property, the transmission of which gave rise to the tax. Nor was the tax in question paid by the 1927 trust. It owed none of the additional tax, the entire amount thereof being assessed against the estate by reason of the inclusion of the real estate in it. Petitioner, not as a beneficiary under the 1927 trust, but only as a beneficiary under the real estate trust and as a legatee under his mother’s will, was interested in having the additional tax paid in order to protect his real estate. The executors did not wish to use the funds in the general estate to pay the additional tax, since to do so would have necessitated either the deferring of, or the reducing of, the payments to the specific legatees under the will of the decedent. The 1927 trust, having paid the inheritance and succession taxes due by virtue of including the corpus in the estate of the decedent, naturally did not wish to pay the additional tax upon the real estate. The most reasonable thing to do was just what was done, namely, to call upon the one who was most interested in preserving the corpus of the real estate trust to pay the tax due. The modus oferandi adopted for that purpose is fully shown in our findings.
Under the circumstances we think it must be held that the amount distributed to petitioner’s guardian constituted income. The whole scheme of the taxing act, as pointed out by the Supreme Court in Helvering v. Butterworth, 290 U. S. 365, is “to tax in some way the whole income of all trust estates. If nothing was payable to bene *642 ficiaries, the income without deduction was assessable to the fiduciary. But he was entitled to credit for any sum paid to the beneficiary within the intendment of that word, and this amount then became taxable to the beneficiary. Certainly, Congress did not intend any income from a trust should escape taxation unless definitely exempted.” The 192T trust had an income of $161,447.86. It reported and included in its taxable income $38,197.61, deducting not only the amounts paid to the beneficiaries Russel and Oglebay, each of whom received 15 percent, but also the $79,799.83 paid to petitioner’s guardian. The act (sec. 162, supra) clearly justifies the inclusion of the entire amount received by petitioner in his gross income, and, since he is not entitled to the deduction claimed, the deficiency determined by the respondent must be approved.
It would serve no useful purpose to discuss or decide what the tax situation would have been if the executor of the decedent’s estate, the trustee of the 1927 trust, or the trustee of the real estate trust had paid the additional taxes. Cf. Albert W. Russel, supra; Blanch A. Bagnall, 35 B. T. A. 1; Junius Beebe, 26 B. T. A. 190; affd., 67 Fed. (2d) 662; the Pennsylvania Co. for Insurances on Lives & Granting Annuities, Executor, 32 B. T. A. 449; affd., 83 Fed. (2d) 545; Robert P. Scripps, 33 B. T. A. 963 (on appeal to C. C. A., 6th Cir.); Arma F. Ardenghi, 37 B. T. A. 345.

Judgment will be entered for the respondent.

 The net income of the estate or trust shaR be computed in tbe same manner and on the same basis as in the case of an individual, except that—
* ******
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to! be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to he held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;
(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.