*Decision will be entered under Rule 50.*

ELIZABETH EARHART KENNEDY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 88180.  Promulgated December 6, 1938.

James A. Kennedy, Esq., for the petitioner.
Edward C. Adams, Esq., for the respondent.

1308

1310

OPINION.

TURNER: Under the terms of the trust instrument the trustee was empowered to distribute to the petitioner during her lifetime such part of the net income of the trust as he deemed necessary for her needs. She had no power to anticipate or alienate any income of the trust and she had no right to receive any of the corpus of the trust. All income not distributed currently but accumulated by the trustee retained the status of surplus income and could be distributed by the trustee, in his discretion, to the petitioner at any time. Upon the petitioner's death the corpus and the accumulated surplus income went to certain remaindermen.

Between January 1 and December 11, 1933, the trust realized net taxable income in the sum of $18,447.24 before deduction of any amount distributed to the beneficiary. Between December 12 and December 31, 1933, the trust realized net taxable income of $10,310.50 without the deduction of any amount paid to the beneficiary. Between January 1 and December 11, 1933, the trustee distributed to the petitioner an amount substantially in excess of $28,757.74, the total of the two sums just described. No distribution was made by the trustee to the petitioner in 1933 subsequent to December 11, 1933. The net income realized by the trust in the year 1933 prior to December 11, together with the accumulated surplus income of prior years, was more than sufficient to cover all distributions made from the trust to the petitioner during that year.

The petitioner concedes that the trustee, in making a distribution, had to first exhaust the income of the trust realized during the current year up to the time of the distribution, but contends that after such income was exhausted further distributions came from accumulated income of prior years upon which the trust had already paid income taxes. The respondent contends that petitioner's income from the trust must be computed on the basis of a full calendar year and that the income received by the trust during the calendar year subsequent to the last distribution was nevertheless in effect paid to the petitioner and must be included in computing her income under sections 162 (b) and (c) of the Revenue Act of 1932. The pertinent provisions of the statute are set forth in the footnote.[1]

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\* \* \* \* \* \* \*

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

The statutory provisions show that Congress contemplated the taxation of the entire net income of a trust, the tax to be paid in some cases by the fiduciary and in others by the beneficiary. If the income of the trust is to be distributed "currently" by the fiduciary to the beneficiary, such income is taxable to the beneficiary under section 162 (b) whether actually distributed or not. If the income may be either distributed to the beneficiary or accumulated, in the discretion of the fiduciary, such income "properly paid or credited" to the beneficiary is taxable to the beneficiary under section 162 (c), but if such income is accumulated it is taxable only to the fiduciary. *Helvering* v. *Butterworth*, 290 U. S. 365; *Freuler* v. *Helvering*, 291 U. S. 35. The only question we have to decide is whether the income realized by the trust during the calendar year subsequent to the last distribution was "properly paid or credited during such year" to the petitioner. We do not think it was. Since the petitioner had no power to anticipate or alienate any of the income of the trust, obviously she had no right to such income prior to its receipt by the trust, and obviously the trustee could not "properly" pay to or credit the petitioner with income before it was received. To do so would have constituted a violation of the trust. Since the trustee's distributions during the calendar year more than exhausted the current income of the trust up to the time of the last distribution, additional distributions over and above such current income necessarily came out of surplus income accumulated from prior years upon which the trust has already paid income taxes. We think the income of the trust received during the calendar year subsequent to December 11, 1933, must be treated as accumulated in trust and taxable to the trustee under section 161 of the act. It is not taxable to the petitioner. Cf. *Mason L. Dean*, 35 B. T. A. 839.

The respondent has cited and relies upon *Letts* v. *Commissioner*, 84 Fed. (2d) 760, but that case is clearly distinguishable in that the income

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

   \*      \*      \*      \*      \*      \*      \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

of that trust was "currently"distributable to trust beneficiaries and under section 162 (b) of the Revenue Act of 1932 such income was taxable to the beneficiaries whether distributed or not. In the present case the income was not distributable "currently" but was to be distributed in the discretion of the trustee. It is not governed by section 162 (b) but by section 162 (c), which provides that only that part of the income of the trust which is "properly paid or credited" to the beneficiary shall be included in computing the income of the beneficiary.

We therefore hold that the respondent was in error in his determination that income of the trust received during the calendar year subsequent to the last distribution was income taxable to the petitioner as beneficiary of the trust.

*Decision will be entered under Rule 50.*