DOROTHY MCBRIDE ORTHWEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104704.  Promulgated September 25, 1941.

*R. D. FitzGibbon, Esq.*, and *Henry J. Richardson, Esq.*, for the petitioner.

*C. H. Curl, Esq.*, for the respondent.

OPINION.

LEECH: The respondent determined deficiencies in income tax as follows:

| | |
|---|---|
| 1936 | $18, 399. 68 |
| 1937 | 10, 362. 71 |
| 1938 | 10, 367. 07 |
| Total | 39, 129. 46 |

One of the issues, relative to a loss sustained by petitioner from the foreclosure of property, has been abandoned by petitioner. On this issue the respondent is, therefore, sustained. The only remaining issue is whether undistributed income of a testamentary trust is taxable to the petitioner as one of the beneficiaries thereof. We find the facts as stipulated and will set forth herein only those necessary for an understanding of the only issue to be decided.

Petitioner is a resident of the State of Missouri and filed her income tax returns for the years 1936, 1937, and 1938 with the collector of internal revenue at St. Louis, Missouri.

William C. McBride, of St. Louis, Missouri, died testate on May 21, 1917, leaving four daughters, of whom petitioner was one. His will was probated and administered in Missouri and provided for the creation of a trust, which was duly established and always administered in the State of Missouri. Also, each of the trustees of the trust created by the will has at all times resided in Missouri.

During the taxable year 1936 and until October 2 of the taxable year 1937 (hereinafter referred to as the first period), petitioner's oldest living sister, Ellen McBride Craib, who died on the latter date,

was a successor trustee of the trust. Beginning October 2, 1937, and during the taxable year 1938 (hereinafter referred to as the second period), Kathleen McBride Kelley, petitioner's next oldest living sister, was the next successor trustee of the trust.

In accordance with the terms of this testamentary trust petitioner was beneficiary of one-fourth of the income of the trust distributed by the trustee during the first period and one-third of such income distributed by the trust during the second period.

The pertinent provisions of the trust are as follows:

I direct that this trust shall continue during the life time of the last survivor of my four daughters hereinabove mentioned and for a period of twenty-one (21) years thereafter.

It is my desire that the principal of the trust estate hereby created shall remain intact until the termination of the trust, but during the period of trusteeship of my said wife I desire that she have power to distribute to the beneficiaries of said trust any part of the principal of said estate, if in her judgment she deems it necessary so to do; but after her death or resignation as such trustee, I direct that her successor or successors as trustee shall have no power to distribute any part of the said principal, but shall only have the power to distribute the income therefrom; but nothing stated herein shall be considered as directing my said wife or any subsequent trustee to distribute all of the said income; but on the contrary, she or any subsequent trustee shall have full authority to add such portions of the income as to such trustee may seem proper, to the principal of the said trust estate, also bearing in mind, however, the needs and requirements of the beneficiaries of said trust estate.

The beneficiaries for whom I hereby create this trust estate are my wife and my four daughters above named. Each is entitled to receive one-fifth of the income from said estate distributed by said trustee, and upon the termination of said trust the principal thereof is to be divided equally between the respective issue of my daughters in equal portions per stirpes and not per capita.

No husband of any of my daughters, grand-daughters or great-grand-daughters, and no wife of any of my grandsons or great-grandsons shall have any interest in, right to or claim upon any part of the principal or income from any portion of said trust estate, my intention being that the heirs of my body shall be the only ones who shall derive any benefit whatsoever directly from said trust estate, and I direct any and all trustees of said estate to pay no part of the income from said estate, or the principal thereof upon termination of this trust, to any one except the beneficiaries thereof in person, or to the duly authorized legal representative of such beneficiaries as may be from time to time under legal disability.

In each of the years 1936 to 1938, inclusive, the trustee withheld from distribution income of the trust for such years in the sums of $110,-190.18, $60,746.22, and $56,879.98, respectively. In none of these years did the trustee credit on her books any portion of these withheld amounts to petitioner or any other beneficiary of the trust. Respondent in determining the deficiencies here in question has added to petitioner's income for 1936 the amount of $27,547.54; for 1937, the amount of $20,248.75; and for 1938, the amount of $18,959.99. These amounts in each case represent the distributive share of this petitioner in the income withheld in each year by the trustee as above set out, had such

income been, in the discretion of the trustee, distributed to the beneficiaries. In each of these years the amounts of income withheld from distribution by the trustee, as above set out, were returned and taxes paid thereon by the trustee. Petitioner for each of these taxable years filed her return, as did also the trustee of the trust, on the cash receipts and disbursements basis, and for each year included in her return all of the income of the trust for those respective years which was distributed to her by the trustee, and paid the tax thereon. With the exception of $602.15 in the year 1928, the trustee has never added to her principal account on her books any income in any of these years.

The only issue is whether that portion of the income of the trust in each of the taxable years withheld by the trustee from distribution, to which petitioner would have been entitled if distributed, is taxable to her as income currently distributable.

The petitioner contends that under the terms of the trust the trustee had discretion in the distribution of income to the beneficiaries and, consequently, the income of the trust was not to be distributed currently. The respondent argues, in substance, that the only discretion as to trust income possessed by the trustee was to add such income to principal or distribute it to the beneficiaries, during the year of its receipt, and, since in the several years here in question certain income was not then added to principal, that it became vested in the beneficiaries in each such year and subject to their demand.

The respondent relies on subsections (2) and (4) of section 161 (a) of the Revenue Acts of 1936 and 1938. The tax imposed by subsection (2) applies to income of any kind of property held in trust "which is to be distributed currently by the fiduciary to the beneficiaries." The tax imposed by subsection (4) applies to the income of such property "which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated." The primary tax liability under both of these subsections is upon the fiduciary. Sec. 161 (b). Section 162, however, provides for specific deductions in computing the net income taxable to the fiduciary. Under section 162 (b) income is deductible by the fiduciary "which is to be distributed currently by the fiduciary to the beneficiaries" and the amounts so allowed as deductions are includable in computing the net income of the beneficiaries "whether distributed to them or not." Section 162 (c) allows deduction by the fiduciary of income which, in his discretion, may be either distributed or accumulated and which is by him "properly paid or credited during such year" to any legatee, heir, or beneficiary. The amounts allowable as deductions to the fiduciary under this section are likewise taxable to the beneficiaries. *Helvering* v. *Butterworth,* 290 U. S. 365.

It is settled that a current distribution of income "presupposes a periodic duty" to distribute such income in accordance with the provisions of the trust, *Commissioner* v. *Stearns*, 65 Fed. (2d) 371; and "the test of taxability to the beneficiary is not receipt of income, but the present right to receive it," *Freuler* v. *Helvering*, 291 U. S. 35. We find nothing in the trust instrument which imposes a duty upon the trustee to make a periodic distribution of income to the petitioner as a beneficiary, *Commissioner* v. *First Trust & Deposit Co.*, 118 Fed. (2d) 449, affirming 41 B. T. A. 107; nor do we think that the provisions thereof give rise to a "present right" on the part of petitioner to receive the income held by the trustee. *Central Hanover Bank & Trust Co. et al., Executors*, 34 B. T. A. 741. Therefore, we hold this income was not required by the trust instrument to be currently distributed to the beneficiaries.

Respondent's argument, as we understand it, is that the only discretion which the trustee had was to add the income to the principal of the trust or distribute it to the beneficiaries, during the year of its receipt, and, since it was not then added to the principal it thereupon became, by reason of this failure, converted into income currently distributable to the beneficiaries. This argument is, we think, contrary to the provisions of the trust, in which it is stated:

* * * but nothing stated herein shall be considered as directing my said wife or any subsequent trustee to distribute all of the said income; but on the contrary, she or any subsequent trustee shall have full authority to add such portions of the income as to such trustee may seem proper, to the principal of said trust estate, also bearing in mind, however, the needs and requirements of the beneficiaries of said trust estate.

We find nothing in ths provision characterizing such income as currently distributable immediately upon failure of the trustee to add it to the principal; nor do we find any provision directing the *immediate* addition by the trustee of the income to the principal, the failure of which would necessarily be the event automatically converting it into income to be "distributed currently" to the beneficiaries. Moreover, there appears nothing in the trust requiring a distribution at all of such income to the beneficiaries. On the other hand, it specifically provides: "Each [beneficiary] is entitled to receive one-fifth of the income from said estate *distributed by said trustee* * * *." (Emphasis supplied.) Thus, for petitioner to be entitled to such income, it must first be *distributed by the trustee*. Consequently, until this event took place, petitioner had no right as beneficiary to such income. See *Elizabeth Earhart Kennedy*, 38 B. T. A. 1307.

No authority need be cited for the principle that the intention of the testator as expressed in a testamentary instrument governs in

the proper construction of that instrument. The testamentary trust here gives the trustee great discretion in that she has "full authority to add such portions of the income" as to her "may seem proper, to the principal", bearing in mind, however, "the needs and requirements of the beneficiaries" of the trust. In our opinion, this language evidences the intent and desire of the decedent that the trustee be enabled to assist the beneficiaries and that this broad power gives the trustee authority to withhold income from the principal of the trust in order to meet any unforeseen necessitous circumstances which might arise affecting the beneficiaries. Once the income was added to corpus during the taxable years here, its distribution to the beneficiaries was impossible, no matter what the necessities of the beneficiaries.

We conclude, therefore, that the pertinent provisions of this trust clearly describe "income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated." We hold further that the income here sought to be taxed to this petitioner, beneficiary, for each year was neither distributed nor credited to her by the trustee in such year and the liability for income tax thereon is that of the trustee, who has in each instance reported it and paid the tax.

*Decision will be entered under Rule 50.*