**NYSA–ILA CONTAINER ROYALTY FUND, Plaintiff,**

v.

**COMMISSIONER OF INTERNAL REVENUE and United States of America, Defendants.**

No. 86 Civ. 1573 (RO).

United States District Court, S.D. New York.

Oct. 9, 1987.

---

Lambos, Flynn, Nyland & Giardino, (Peter C. Lambos, of counsel) and Law Offices of Thomas W. Gleason, New York City (Andre Mazzola, of counsel), for plaintiff.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Richard W. Mark, Asst. U.S. Atty., of counsel), for defendants.

## OPINION AND ORDER

OWEN, District Judge:

Plaintiff NYSA–ILA Container Royalty Fund is a trust fund jointly administered by labor (ILA) and management (NYSA) for the benefit of New York longshoremen. The trust fund was established following collective bargaining in 1968 as a means of compensating longshoremen for decreased employment opportunities resulting from widespread use of containerization shipping. Pursuant to the terms of the agreement, longshoremen who have accumulated at least 700 hours during the year of either actual work hours or non-taxable benefits—translated into hours—paid from the NYSA–ILA Guaranteed Annual Income (GAI) fund (a supplemental unemployment benefit fund for underemployed or totally unemployed longshoremen)[1] or a combination of both are entitled to an annual Containerization Royalty Fund (CRF payment from the trust fund).

The IRS has treated GAI and CRF heretofore as follows. In May of 1979 the IRS issued a Technical Advice Memorandum stating that GAI payments do not constitute wages under 26 U.S.C. § 501(c)(17) and are not subject to withholding under the Federal Insurance Contributions Act (FICA) or the Federal Unemployment Tax Act (FUTA). In August of 1984, the IRS issued another Technical Advice Memorandum in which it stated that CRF payments, in contrast, were not supplemental unemployment benefits and were therefore subject to FICA and FUTA withholding for the years 1975 through 1979. The IRS also determined that plaintiff here was liable for income tax withholding for 1970 CRF payments.[2] Plaintiff subsequently paid the taxes, and the IRS has disallowed its refund claim.

Plaintiff now moves for summary judgment under Fed.R.Civ.P. 56(b) on the issue of its entitlement to a refund, alleging that, as a matter of law, CRF payments are not wages because they are compensation for decreased work and therefore are not subject to FICA and FUTA withholding. Plaintiff, recognizing that certainly while for some recipients CRF payments are based on 700 or more hours of work, further observes that since underemployed and even totally unemployed longshoremen can also be eligible for CRF payments through credit for GAI hours, payments to them are not linked to actual work per-

---

1. GAI benefits paid to an eligible longshoreman are determined by the difference between monies actually received and what the longshoreman would have received had he worked 2080 hours a year at straight time.

2. Prior to 1970, the Internal Revenue Code did not require employers to withhold income tax for supplemental unemployment compensation benefits. However, since 1971, the Code has required employers to withhold income taxes for both wages and supplemental unemployment compensation benefits, 26 U.S.C. § 3402(o). Since the IRS concluded in its 1984 Technical Advice Memorandum that CRF payments were the equivalent of wages, it required plaintiff to withhold income taxes for CRF payments made in 1970.

formed and, plaintiff contends, is further reason for not characterizing them as wages subject to FICA and FUTA withholding under 26 U.S.C. §§ 3121(a) and 3306(b). Thus, plaintiff would equate *all* CRF payments to GAI payments, which are acknowledged unemployment benefits excepted from FICA and FUTA withholding. Moreover, plaintiff claims that the IRS abused its discretion in applying its ruling retroactively as to CRF payments.

Defendants move for summary judgment as well, placing primary reliance upon the Technical Advice Memoranda issued by the IRS in this case, on *STA of Baltimore–ILA Container Royalty Fund v. United States*, 621 F.Supp. 1567 (D.Md.1985) (characterizing CRF payments to longshoremen as wages, eligibility for such payments being based on 700 hours of actual work), *aff'd mem.*, 804 F.2d 296 (4th Cir.1986), and on Rev.Rul. 77–43, 1977–1 C.B. 151 (concluding that benefits similar to CRF payments were not eligible for exemption from federal income tax).

The Commissioner of Internal Revenue also moves for judgment on the pleadings under Fed.R.Civ.P. 12(c) dismissing him from the action. He relies on 26 U.S.C. § 7422(f)(2), which states that an action for a tax refund may be maintained only against the United States and not against one of its officers or employees.

Finally, IRS asserts that plaintiff is precluded from arguing against retroactive application of IRS rulings because plaintiff failed to raise this issue when it made its refund claim. It relies on 26 U.S.C. § 7422(a), which has been construed to limit issues before the district court to whatever the taxpayer raised in its refund claim.

Summary judgment is appropriate when there is no material issue of fact and when as a matter of law the movant is entitled to judgment. *Knight v. United States Fire Insurance Co.*, 804 F.2d 9, 11–12 (2d Cir.

1986), *cert. denied,* — U.S. —, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). The parties have submitted an extensive stipulation of material facts and joint statement pursuant to Local Rule 3(g), and the sole issue to be resolved is whether CRF payments are or are not wages subject to FICA and FUTA withholding under 26 U.S.C. §§ 3121(a) and 3306(b) as a matter of law.

26 U.S.C. § 3121(a) defines wages for FICA purposes as "all remuneration for employment." The statute thereafter lists numerous exceptions, none of which apply to the benefits at issue here. Wages are defined similarly for FUTA purposes in 26 U.S.C. § 3306(b); none of the exceptions enumerated in that section apply to CRF payments. Treas.Reg. § 31.3121(a)–1(b) states: "The term 'wages' means all remuneration for employment unless specifically excepted under section 3121(a)." Thus, it is clear Congressional intent that wages are to be construed broadly.

The legislative history accompanying the 1950 amendments to the Social Security Act provides further support for the view that Congress intended wages to be construed broadly for FICA and FUTA purposes. The Senate Finance Committee stated, in pertinent part, that even "a dismissal payment (any payment made by an employer on account of involuntary separation of the employee from the service of the employer) will constitute wages ... irrespective of whether the employer is, or is not, legally required to make such payment." S.Rep. No. 1669, 81st Cong., 2d Sess., *reprinted in* 1980 U.S.Code Cong. & Admin.News 3287, 3374.[3]

Against this background, the question is not without difficulty. Unlike the CRF payments in *STA of Baltimore–ILA Container Royalty Fund v. United States*, 621 F.Supp. 1567 (D.Md.1985), *aff'd mem.*, 804 F.2d 296 (4th Cir.1986),[4] which could be

---

**3.** Such dismissal payments are to be distinguished from supplemental unemployment benefits (for example, GAI payments), which are "paid to an employee ... because of an employee's involuntary separation from employment ... resulting directly from a reduction in force, the discontinuance of a plant or operation, or

other similar conditions." 26 U.S.C. § 3402(*o*)(2)(A).

**4.** The *STA* court relied heavily on the relationship between actual work time and eligibility in concluding that the payments were "earned, derived or acquired as a result of prior services

obtained only if the longshoremen actually worked for 700 hours during the year, the New York CRF payments flow essentially from either 700 hours of work or 700 hours of GAI equivalent hours or some combination totalling 700 hours. Thus, CRF entitlement may be but is not necessarily linked to 700 hours of actual work. Eligibility under the New York CRF, according to the trust declaration, is as follows:

1. *Eligibility:*

.    .    .    .    .

Work Hours—(all);
GAI Equivalent Hours—(all);
GAI Unemployment Hours—(all);
Compensation Hours—maximum of 400.0 hours.

Given the limited employment opportunities in the industry during the years at issue, it may well be that at least some of the longshoremen who received CRF payments did not work for 700 hours, but instead were able to obtain the payments based on some combination of actual work hours and GAI hours totalling 700. However, on this record there is no breakdown and none is proffered by the fund as withholding agent, nor is it questioned that some substantial number of longshoremen receive CRF because they *have* worked 700 hours. Thus, while it is not possible on the record to conclude that all these payments flowed from services (as could the *STA* court), it is nevertheless inappropriate in these circumstances to relieve plaintiff from its FICA/FUTA withholding duties. The tax laws must be construed to favor—indeed, require—the collection of concededly due tax revenues, and it would be an obvious inequity, in my judgment, to so construe the tax laws as to have CRF payments which are necessarily taxable to some, not taxable to other recipients.

Therefore, in light of the broad statutory language in 26 U.S.C. §§ 3121(a) and 3306(b), I conclude that CRF payments are "wages" and are subject to taxation and withholding under FICA and FUTA, and, accordingly, grant summary judgment to the United States and deny plaintiff's motion for summary judgment. Plaintiff's claim against the Commissioner of Internal Revenue based on 26 U.S.C. § 7422(f), *supra,* is dismissed. Finally, retroactive application by the IRS of its rulings based on 26 U.S.C. § 7422(a), *supra,* is allowed.

Submit order on notice.

---

rendered by the employee." *STA,* 621 F.Supp. at 1571. It stated:

The elimination of time off because of injury or sickness from the computation of the number of hours worked is yet another indication that the supplementary payments made to a longshoreman were intended to be based on or acquired through the prior rendering by such longshoreman of actual services. *Id.* at 1572.