**Alice B. GIST, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 3641–SD.**

United States District Court S. D. California.

Nov. 15, 1968.

As Amended April 17, 1969.

Harrison & Watson, by William J. O'Connell, San Diego, Cal., for plaintiff.

Edwin L. Miller, Jr., U. S. Atty., Southern Dist. of California, by Richard L. Fishman, Sp. Asst. to U. S. Atty., San Diego, Cal., for defendant.

## MEMORANDUM OF DECISION

KUNZEL, Chief Judge.

This is an action for the recovery of federal income taxes assessed against and collected from plaintiff for the taxable years ended December 31, 1962, 1963, and 1964.

Federal jurisdiction is invoked by virtue of 26 U.S.C.A. (I.R.C.1954) § 7422, 28 U.S.C.A. § 1346(a) (1) and § 1402 (a) (1) and the Internal Revenue Laws of the United States. Cross motions for summary judgment have been filed.

In the years in question plaintiff was a resident of California. Plaintiff and her deceased husband, Gilman A. Gist, were married in 1926 and during the entire term of their marriage resided in, and were domiciliaries of California.

There were no children of the marriage of plaintiff and Gilman A. Gist, but the latter had issue of a previous marriage: Adele Gist Davis, Marguerite Gist Butler, and Gilman A. Gist, Jr.

Gilman A. Gist died April 29, 1960, and his will was admitted to probate in the Superior Court, County of San Diego, California, on May 20, 1960.

The will provided, in part, as follows:

*"THIRD:* All property in which at this date I have any interest or which stands in the name of myself or of myself and my wife, other than property held of record in joint tenancy, if any, is our community property. It is my intention to dispose of my entire separate estate, if any, and the entire community property including my wife's share thereof, excluding however, any property held of record in joint tenancy, and to exercise any tes-

tamentary power of appointment I have or own at my death. If my wife prior to probate of this will shall not have elected whether she shall take under this Will or the rights given her by law, she shall in due course make that election. She shall in any event, however, be entitled to probate homestead, exempt property and family allowance out of my estate. Should she elect to take the rights given her by law, the provisions of this Will, disregarding those in favor of my wife other than the provisions of paragraph 'Fourth (a)', shall be carried into effect in the same manner as though she had predeceased me."

The will further provided that the entire community property of Gilman A. Gist and plaintiff would, if plaintiff elected to take under the will, after certain specific bequests, pass to the First National Bank of San Diego in trust.

The terms of the trust provided that the entire income of the trust be paid to plaintiff for life, and upon her death income was payable to Adele Gist Davis and Marguerite Gist Butler for their lifetimes, with the remainder to their issue in equal shares.

The executor of the estate, First National Bank of San Diego, and its attorney advised plaintiff that she should seek independent counsel to advise her of her rights under the will and existing California community property law. Plaintiff sought counsel and elected to take under the terms of the will. This election was approved by the Probate Court on September 1, 1961.

Plaintiff paid a gift tax on $198,904.48. This represented the excess of the value of her community property interest transferred to the trust, $343,083.21, over the value of her right to a life estate in the trust, $144,178.73.

Plaintiff filed her tax returns for the taxable years 1962, 1963, and 1964 in the office of the District Director of Internal Revenue, Los Angeles, California.

The tax returns disclosed liabilities, which were satisfied, as follows:

| Year | Amount |
|------|--------|
| 1962 | $2,208.60 |
| 1963 | $2,544.17 |
| 1964 | $3,155.03 |

Plaintiff filed timely claims for refunds as follows:

| Year | Amount |
|------|--------|
| 1962 | $1,754.47 * |
| 1963 | $2,033.57 * |
| 1964 | $2,530.67 * |

The basis of plaintiff's claim is that she is entitled to a $9,611.91 deduction in each year for amortization of the cost basis of her right to receive income from the testamentary trust created by her deceased husband's will.

It is now clear that a taxpayer who purchases a life estate may amortize his cost over the period of the beneficiary's life expectancy by ratable annual deductions. 26 U.S.C.A. (I.R.C.1954) § 167; Rev.Rul. 62–132, 1962–2 Cum. Bull. 73; Bell v. Harrison, 212 F.2d 253 (7th Cir. 1954); Commissioner of Internal Revenue v. Fry, 283 F.2d 869 (6th Cir. 1960). The fact that the life estate here was created upon the exercise of the widow's election does not alter the fact that plaintiff may be a purchaser for value as would be one to whom she sold her life estate for cash.

For purposes of the federal estate and gift tax, the exercise of a widow's election where the estate consists entirely of community property is considered a bargained-for sale or exchange made for consideration, i. e., a purchase. Commissioner of Internal Revenue v. Siegel, 250 F.2d 339 (9th Cir. 1957); Vardell's Estate v. Commissioner of Internal Revenue, 307 F.2d 688 (5th Cir. 1962). The holding in United States v. Stapf, 375 U.S. 118, 84 S.Ct. 248, 11 L.Ed.2d 195 (1963), and the principles therein espoused are not inapposite.

* Plus interest as provided by law.

While no income tax case dealing with a widow's election holds that the widow can amortize the cost of her life estate, in light of the above cases it would be illogical to conclude that she cannot.

Defendant cites Helvering v. Butterworth, 290 U.S. 365, 54 S.Ct. 221, 78 L. Ed. 365 (1933) for the contrary proposition. However, the question in *Butterworth* was whether the trustee was allowed a deduction for income distributed to the widow. The court held the income deductible by the trustee and taxable to the widow as beneficiary. While there is dictum to the effect that a return of capital theory is inappropriate in such a situation, the issue of amortization was never reached since the court did not consider the widow a purchaser of the income interest. Moreover, the case did not arise in a community property jurisdiction, and the court ultimately limited its holding to the narrow issue of whether the widow was a beneficiary under the terms of the applicable statute. This circuit has so interpreted the holding. Commissioner of Internal Revenue v. Siegel, *supra.*

■ It is undisputed that plaintiff's election to take under the will was bona fide and not based on tax avoidance motives. Therefore, this court finds that plaintiff purchased a life estate in the trust created under the will of her husband, and that she is entitled to amortize the cost of what she purchased by annual deductions.

■ Plaintiff contends that she purchased a life estate worth $144,178.73 in the entire trust created by the will and, therefore, is entitled to amortize this amount. However, by electing to take under the will instead of retaining her community property share plaintiff voluntarily exchanged the remainder interest in her own property for a life estate in her husband's. To argue that plaintiff sold her half of the community and used the funds to purchase a life estate worth $144,178.73 places form over substance. The trust is composed of community property, therefore, plaintiff already owned one half of the assets prior to its creation. Plaintiff gave up a remainder in her half and received a life estate in her husband's half. The amortization deduction should be computed with reference to the value of the husband's assets which went into the trust, i. e., $232,273.87.

While it is true that plaintiff could have purchased a commercial annuity with her share of the community and amortized its cost over her lifetime, this she did not do. There is no reason to import another legal fiction into the federal tax laws. The objective facts here support defendant's contention that plaintiff purchased a life estate in the husband's property while retaining a life estate in her own. The annual deduction is computed as follows:

(a) value of husband's property placed in trust — $232,273.87

(b) plaintiff's right to income in husband's property per Treas. Reg. § 1.72–9 [.25059 x (a)] — $ 58,205.52

(c) computed remaining life — 11.3 years

(d) amortization each year [(b) ÷ (c)] — $ 5,150.93

---

Judgment shall be for plaintiff. The foregoing shall constitute the findings of fact and conclusions of law. Plaintiff's counsel shall prepare, serve, and lodge a judgment in accordance herewith.