**Alice B. GIST, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 24709.**

United States Court of Appeals, Ninth Circuit.

March 30, 1970.

Stuart A. Smith (argued), Atty., Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Charles H. Magnuson, Special Asst. U. S. Atty., Los Angeles, Cal., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellant.

Harrison & Watson, San Diego, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and BYRNE,* District Judge.

JAMES M. CARTER, Circuit Judge:

The facts of this case are reported at 296 F.Supp. 526 (S.D.Cal.1969). In summary, Mrs. Gist brought an action for refund of an overpayment of federal income taxes. Able use of pretrial procedures allowed counsel to present to the trial court the single issue in the case on cross motions for summary judgment. The court granted a partial refund to Mrs. Gist. The Government appeals from that decision. We affirm.

At issue is the tax consequences of Mrs. Gist's election to take under her husband's will rather than claim and retain all her property rights under California community property law. All of the property involved herein was community property under California law and had been acquired after July 29, 1927. California Civil Code, § 161a as amended that year provides that as to community property acquired thereafter, a wife has a "present, existing and equal interest."

 If a husband provides by will for the disposition of all the community property, and if his wife approves, her election to take under the terms of the will is an election which involves the retention or exchange of a property right which exists both before and after the death of her husband. Estate of Wyss, (1931) 112 Cal.App. 487, 297 P. 100. The legal effect of such election is determined by the law of the state where the parties reside and are domiciled. Morgan v. Commissioner, (1940) 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585.

Mr. Gist's will placed all community property, both his share and his wife's share, in a trust. The trust was to pay all income to Mrs. Gist for her life, then was to pay all income to two named daughters of the husband's previous marriage for their lives, and then was to be divided among the issue of the daughters. The will further provided that if Mrs. Gist elected to take "the rights given her by law," i.e. her half of the com-

* Honorable William M. Byrne, Senior United States District Judge for the Central District of California, sitting by designation.

munity property, the dispositive provisions of the will were to be carried into effect as though she had predeceased her husband.

■ After consultation with her attorney, Mrs. Gist determined to take under the trust provisions of the will. She then sought to amortize the value of her life estate under the provisions of § 167 of the Internal Revenue Code (26 U.S.C. § 167). The Commissioner of Internal Revenue refused to allow any deduction for amortization. His decision was grounded on the language of § 273 of the Internal Revenue Code (26 U.S.C. § 273). That section provides:

> "Amounts paid under the laws of a State, a Territory, the District of Columbia, a possession of the United States, or a foreign country as income to the holder of a life or terminable interest acquired by gift, bequest, or inheritance shall not be reduced or diminished by any deduction for shrinkage (by whatever name called) in the value of such interest due to the lapse of time."

The Commissioner took the position that Mrs. Gist had acquired her interest by bequest from her husband's testamentary disposition of his property. Mrs. Gist contended that she had purchased her interest by giving up fully vested rights in her half of the community property. Therefore, she had not acquired her interest by "gift, bequest, or inheritance" and was not within the coverage of § 273.

The question was well briefed by both parties in the trial court. The trial court found that Mrs. Gist: (1) gave up the remainder interest in her one half of the community property; (2) retained a life estate in her half of the community property; and (3) received a life estate in her husband's one half of the property. Accordingly, amortization was allowed only for the cost of the life estate acquired in her husband's share of the property. Only the Government has appealed. It continues to claim that the life estate acquired by Mrs. Gist from her husband's one half of the community property was acquired by "gift, bequest, or inheritance" within the coverage of § 273.

It is admitted by both parties that the precise question is one of the first impression. The legislative history of § 273 and its antecedents is brief and unhelpful.[1] No treasury regulations or revenue rulings provide definitive guidance. No case is precisely on point.

Our review convinces us that the district court correctly decided the issue. While it would serve no purpose to fully recapitulate the court's reasoning, we note that the court found that Mrs. Gist's election to take under the will was not based on tax avoidance motives. Further the court alluded to the particular nature of community property law. By Cal. Civil Code 161a Mrs. Gist had a "present, existing and equal interest" in the community property before the death of her husband. The court found that the election by Mrs. Gist fully relinquished her rights to the remainder interest in her one half share of the community property; and that she relinquished this interest as a condition to receiving a life estate in the husband's one half interest in the community property, thus constituting in her a life estate in the entire property. We agree with the district court, that under these circumstances, Mrs. Gist's acquisition of the life estate in her husband's one half interest in the community property should be described as a purchase. The court correctly allowed an amortization deduction.

In reaching this result, we are conscious that different factual or legal situations from that present here may require different tax treatment. We, therefore, express no opinion as to the treatment to be given in related, but non-identical, situations.

The judgment of the district court is Affirmed.

---

1. H.R.Rep.No.350, 67th Cong., 1st Sess. 12 (1921); S.Rep.No.275, 67th Cong., 1st Sess. 15 (1921); 1954 U.S.Code Cong. and Adm.News pp. 4206, 4867.